## RABE v. HAMILTON.

On appeal from a Justice's Court, in forcible entry and detainer, the execution of an appeal bond within ten days is not a condition to the jurisdiction of the County Court.

If the bond be void or defective through accident or mistake, a new bond may be filed, on such terms as the Court deems just, the right of the other party being regarded.

APPEAL from the County Court of San Francisco.

J. A. McDougall, for Appellant.

*Geo. F. & W. H. Sharp*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This is an appeal from an order of the County Court of San Francisco county, dismissing an appeal from a Justice's Court, in forcible entry and detainer. The ground of the motion was, that the appellant had not executed a bond within ten days, as required by the statute. Various facts are stated, in affidavits and otherwise, to show that, shortly after the judgment of the Justice, the defendant entered an appeal, and tendered one or more bonds, which seem to be regular in form, and upon which was indorsed a *jurat* of justification by the sureties. It seems to be a controverted fact whether the bonds were actually approved by the Justice; but such is asserted to have been the understanding of the parties. The appellant proffered a new and sufficient bond in the County Court.

The respondent contends that the execution of the appeal bond within the ten days is a condition to the jurisdiction, without which it cannot attach. We do not think so. No doubt the bond is necessary to make the appeal effectual, and it may be dismissed if the bond be not given. Until the bond is given, the appeal does not suspend the judgment. The language of the statute—different from that of the Acts regulating appeals to this Court is: "If either party shall feel aggrieved by the verdict of the jury or decision of the Justice, he may appeal within ten days, as in other cases tried before Justices of the Peace, and he shall give a bond," conditioned, etc. But this requirement is not a condition of jurisdiction, (for it may be waived) but it is a mere directory provision for the security of the opposite party. The effect of such statutory provisions has been often declared. It was held in *Ford* v. *Hurd*, (4 S. & M. 683) that an attachment issued without affidavit and bond is absolutely void, and no judgment could rest on it; but this was so held because the statute expressly declared this effect of the failure. But in Alabama, where the statute declares that the plaintiff in attachment shall give bond, etc., it is held that a defective bond may be amended by the substitution of a new and perfect one; and if plaintiff, when required by the Court to amend, decline, the attachment may be quashed; *Lowry* v. *Stowe*, (7 Porter, 483) *P. & M. Bank* v. *Andrews*, (8 Porter, 404) and held, further, that there is no difference between a void bond and a defective bond given for the prosecution of an attach-

ment; and that it is the duty of the Court to permit the plaintiff to substitute a different bond.   (*Jackson* v. *Stanly,* 7 Ala. R. 327.)   Courts have enlarged powers for amending and perfecting their proceedings, so as to bring causes to trial upon their merits.   When, from accident or mistake, the parties have failed to meet the exact requirements of directory statutes, the Courts allow them, upon equitable terms, to comply, taking care that due respect is shown to the rights of the other party; and our statute is not less liberal than those of other States in this respect, at least, so far as touches the matter now before us.   The affidavits of the defendant show a very strong case for the interposition of this discretion of the Court, and we see no injury that could result to the plaintiff from its exercise.

We think the Court, on the showing made by the appellant, should have allowed him to file an additional bond upon such terms as were equitable, and should not have dismissed the appeal, for the cause assigned.

Judgment reversed, and cause remanded.