## JACOB P. LEESE *v.* WILLIAM S. CLARK.

JUDGMENT IN EJECTMENT WHERE DEFENDANTS SEVER IN THEIR ANSWERS.—If, in an action against several defendants, sued jointly to recover the possession of a tract of land, the defendants sever in their answers, but do not demand separate trials, and the jury finds specially that the defendants are severally in possession of separate parcels of the land sued for, and if, on appeal to the Supreme Court, that Court directs judgment to be entered in the Court below "for the plaintiff upon the special findings for the premises in controversy, pursuant to the prayer of the complaint," a joint judgment rendered in the Court below upon filing the remittitur there against all or a part of the defendants is erroneous.

IDEM.—In such case, notwithstanding the entry of the joint judgment, the plaintiff may apply for and have a several judgment against the defendants.

IDEM.—In such case, also, the entry of a several judgment against part of the defendants is not a discontinuance of the action nor an abandonment of the same by the plaintiff as to the others, nor does it preclude him from afterwards moving for and having a several judgment against a defendant not included in the first several judgment.

FORM OF JUDGMENT A QUESTION OF LAW.—The question, whether a judgment entered in the Court below, is entered in accordance with the mandate of the appellate Court, is one of law, and not of fact.

ENTRY OF JUDGMENT.—The entry of a judgment by the Clerk is a ministerial act.

EFFECT OF RECITALS IN A JUDGMENT.—The recitals in a several judgment against one of a number of defendants, that in a former judgment in the same action the name of this defendant was stricken out on plaintiff's motion, is *prima facie* evidence only of the fact, and may be contradicted by the recitals in said former judgment.

IDEM.—The recital in a judgment that a party defendant against whom it is entered appeared in the action is *prima facie* evidence only of the fact.

CLERK'S RECITALS IN JUDGMENT.—It is not necessary for a Clerk in entering up a judgment to insert therein recitals of his exposition of the preceding facts.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This case was before the Supreme Court at the July term, 1861, when the judgment was reversed and the case remanded for a new trial, and again at the July term, 1862, when the judgment was reversed, and the Court below directed to enter judgment for the plaintiff upon the special findings for the premises in controversy pursuant to the prayer of the complaint. (See 18 Cal. 535, and 20 Cal. 387, where the general facts pertaining to the action are fully reported.)

The following is the judgment of the Supreme Court rendered at the July term, 1862:

"And now, at this day, this cause being called, and having been heretofore argued and submitted, and taken under advisement by the Court, and all and singular the law and premises being by the Court here seen, heard, understood, and fully considered, the opinion of the Court herein is delivered by Field, C. J., Cope, J. concurring, to the effect that the judgment of the Court below be reversed, with directions to enter judgment for the plaintiff upon the special findings for the premises in controversy, pursuant to the prayer of the complaint.

"Whereupon it is now considered, ordered, adjudged, and decreed by the Court here, that the judgment of the District Court of the Fourth Judicial District, in and for the County of San Francisco, in the above entitled cause be and the same is hereby reversed with costs, and said Court is directed to enter judgment for the plaintiff upon the special findings for the premises in controversy, pursuant to the prayer of the complaint."

Upon the filing of the remittitur, and on the 29th day of October, 1862, the following judgment was entered in the District Court:

"Whereas, on the 21st day of February, A. D. 1862, a judgment was entered in the above entitled cause in favor of the above named defendants, against plaintiff, upon a special verdict of a jury duly impanelled to try said cause, from which

judgment the said plaintiff, on the 5th day of March, A. D. 1862, perfected an appeal to the Supreme Court of the State of California. And, whereas, the said appellant having filed in said District Court the remittitur of said Supreme Court, wherein it is 'ordered, adjudged, and decreed that the judgment of the District Court of the Fourth Judicial District, in and for the City and County of San Francisco, in the above entitled cause, be and the same is hereby reversed with costs; and said Court is directed to enter judgment for the plaintiff upon the special findings for the premises in controversy, pursuant to the prayer of the complaint.' Now upon application and motion of counsel for plaintiff for judgment in conformity with the mandate of said Supreme Court, it is ordered, adjudged, and decreed that the judgment heretofore entered herein on the 21st day of February, A. D. 1862, in favor of defendants against the plaintiff, stand for naught, and that the said plaintiff, Jacob P. Leese, do have and recover of and from William S. Clark, Daniel Gibb, James Spear, Charles M. Hitchcock, Charles Minturn, W. Hood, and John Pfeiffer, executor of Ed. F. Saelzer, deceased, defendants, possession of the premises mentioned and described in the complaint on file herein, as follows, to wit:"

Then follows a description of the land as contained in the complaint.

On the 9th day of December, 1862, the following judgment was entered in the same cause:

" The plaintiff, by his counsel, having heretofore moved the Court to modify the judgment in this cause, and the Court having taken the same under advisement, now at this day, the respective parties appearing by counsel respectively, and the defendants not objecting thereto, said motion is granted; and it is ordered, that the judgment heretofore entered in this cause, in favor of plaintiff and against the defendants, be and the same is so modified as to read as follows, to wit:

" Whereas, on the 21st day of February, A. D. 1862, a judgment was entered in the above entitled cause, in favor of the above named defendants against the above named plain-

tiff, upon the special verdict of a jury, duly impanelled to try said cause, from which judgment the said plaintiff on the 5th day of March, A. D. 1862, perfected an appeal to the Supreme Court of the State of California; and, whereas, the said appellants having filed in said District Court the remittitur of said Supreme Court, wherein it is ordered, adjudged, and decreed, that the judgment of the District Court of the Fourth Judicial District in and for the City and County of San Francisco, in the above entitled cause, be and the same is hereby reversed with costs; and said Court is directed to enter judgment for the plaintiff, upon the special findings, for the premises in controversy, pursuant to the prayer of the complaint.

"Now, therefore, upon application and motion of counsel for plaintiff for judgment in conformity with the mandate of said Supreme Court, it is ordered, adjudged, and decreed, that the judgment heretofore entered herein on the 21st day of February, A. D. 1862, in favor of defendant, against the plaintiff, stand for naught, and that the said plaintiff, Jacob P. Leese, do have and recover of and from the defendant, James Spear, all that part or parcel of," etc. Here follows a description of the portion of the land described in the complaint, found by the special verdict to be in the possession of Spear. After the description, 'like several judgments were entered against three of the remaining defendants, for the separate parts of the land of which they were in possession. The recitals in the judgment were not repeated. Defendant Clark was not included in this judgment.

May 2d, 1864, on motion of plaintiff, made on written notice, filed April 4th, 1864, the following judgment was entered in the District Court against defendant Clark:

"Whereas, on the 21st day of February, A. D. 1862, a judgment was entered in the above entitled cause in favor of the above named defendants against plaintiff, upon a special verdict of a jury duly impanelled in said cause, from which judgment the said plaintiff on the 5th day of March, A. D. 1862, perfected an appeal to the Supreme Court of the State of California; and, whereas, the said appellant having filed in

said District Court the remittitur of said Supreme Court, wherein it is ordered, adjudged, and decreed, that the judgment of the District Court of the Fourth Judicial District, in and for the City and County of San Francisco, in the above entitled cause, be and the same hereby is reversed with costs; and said Court is directed to enter judgment for the plaintiff, upon the special findings, for the premises in controversy, pursuant to the prayer of the complaint.

"And judgment having been heretofore entered in pursuance of the direction of the Supreme Court as to all of said defendants appertaining, including the said defendant Clark, which said judgment was afterwards, on motion of the ⁗plaintiff, amended by striking out the name of the said defendant, Clark, and judgment was thereupon entered against his co-defendants, leaving the said defendant, Clark; now, upon application of counsel for the plaintiff, and after hearing counsel for the said defendant Clark, and due deliberation having been thereupon had, on motion of Brooks & Whitney, attorneys for the plaintiff, it is ordered, adjudged, and decreed, that the said judgment heretofore entered herein on the 21st day of· February, A. D. 1862, in favor of said defendant, and against the plaintiff, stand for naught, and that the said plaintiff, Jacob P. Leese, do have and recover of and from the defendant, William S. Clark, all that," etc.

Here follows a description of the part of the land in Clark's possession.

The other facts are stated in the opinion of the Court.

*Clarke & Carpentier*, for Appellant.

The voluntary abandonment of the judgment, entered October 29th, 1862, which included Clark with the other defendants, and covered all the land in dispute, by the amended judgment of December, 1862, which industriously excludes him from it, without any necessity, propriety, or good reason, and without permission or leave of the Court, or any express or implied reservation of a right to proceed against Clark subsequently, operated a discontinuance as to him.

The trial before the jury in February, 1862, was a joint one against all the defendants, and a joint judgment was entered in their favor, from which the plaintiff appealed. The Supreme Court reversing that judgment, dictated the judgment to be entered in favor of the plaintiff, leaving no discretion in the District Court.

The judgment so to be entered was ordered to follow the prayer of the complaint and the special findings of the jury. It was a simple clerical act, to prepare the judgment thus ordered. It was prepared and entered, and the office of the mandate accomplished. The trial was a joint one, and the judgment is required to be entered by the Clerk, "in conformity to the verdict." (Practice Act, § 197.)

If the verdict had been for the plaintiff, "according to the prayer of the complaint," but one judgment could have been entered thereon.

The one hundred and forty-fifth section of the Practice Act provides that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." And section one hundred and forty-six is as follows:

"In an action against several defendants the Court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." By these two sections all cases, whether of joint or several liability, are placed upon the same platform.

The point has been directly decided in New York, under exactly similar provisions of the code of procedure:

In *Bacon v. Comstock*, 11 Howard's Practice Rep. 200, Mr. Justice Harris in deciding the point remarks: "The common law rule is that the judgment must dispose of the rights of all the parties. There could be no two final judgments in the same action."

*Brooks & Whitney*, for Respondent.

The judgment of October 29th, 1862, was wiped out of the record by the judgment which was entered in December, 1862. If the judgment of December, 1862, disposed of the entire controversy, that was an end of the action. If it did not, then the action was not at an end.

If the Court could not enter up several judgments in an action of ejectment, that would be the end of the matter. But this the appellant does not pretend. He admits that the Court had this power. The very point was presented in the case of *Lick* v. *Stockdale*, 18 Cal. 220. That was an action of ejectment. The plaintiff brought his suit to trial as to some of the defendants, had a finding in his favor, and entered up final judgment against them, and executed his judgment, ejected those defendants, and was put in possession of the land which was severally occupied by them. The suit was for four fifty-vara lots, and these defendants occupied only one of them. Some two years after, he went on with his suit against the other defendants, and had judgment. The defendant Stockdale appealed, and one of the grounds of appeal assigned by him was that there was a final judgment already entered in the cause; but the Supreme Court held this point not well taken.

Section one hundred and forty-six of the Practice Act allows the Court to render judgment against one or more of the defendants, leaving the action to proceed against the other, *whenever a several judgment is proper.* It will not be pretended that a several judgment was not proper in this case. It was not only *proper* but *necessary*, because the defendants had no community of title or possession. They were not joint tenants, tenants in common, or co-parceners, but derived their claims of title from divers sources, and occupied in severalty each his particular portion ; and, by a stipulation made part of the judgment record, it was precisely ascertained what particular lot or parcel each defendant held, so that a several judgment was not only proper but necessary. The judgment was precisely the same in this case as in *Lick* v. *Stockdale*.

Nor does it make any difference that the trial was a joint one. Trials in ejectment are almost always joint. It does not follow that the judgment must be. Whether the judgment shall be joint or several does not depend upon the fact whether the trial is joint or several, but whether the defense is joint or several.

By the Court, SHAFTER, J.

Ejectment for the recovery of certain lots in the City of San Francisco. There were forty-one defendants in all, who answered severally. The jury rendered a general verdict for the defendants, and answered also to certain special issues. Plaintiff moved for judgment on the special findings. The motion was denied and judgment was entered for all of the defendants. On appeal to the Supreme Court the judgment was reversed, and the Court below was directed " to enter judgment for the plaintiff upon the special findings, pursuant to the prayer of the complaint." Amongst other things, the special findings disclosed the parts or portions of the premises sued for of which the defendants were respectively possessed. The remittitur having been sent down and filed, the plaintiff's counsel, on the 29th of October, 1862, " moved for judgment, in conformity with the mandate of the Supreme Court," and thereupon a joint judgment was entered against eight of the forty-one defendants, Clark being one of the eight. Thereafter, and as we must assume, before the expiration of the term, and upon like " application and motion of counsel for plaintiff for judgment in conformity with the mandate of the Supreme Court," a second judgment was entered (containing several judgments in effect) against four only of the eight defendants named in the first judgment—Clark being one of the four omitted. It appears from the recitals in this second judgment, that it was entered upon a motion of the plaintiff to " modify " the first judgment; but all we know with regard to the nature of the modifications sought for is found in the particular recital above quoted.

The plaintiff, thereafter, moved for a several judgment against Clark. The motion was made upon the remittitur and papers on file, and came on to be heard April 4th, 1864. The motion was opposed by Clark on grounds set forth in the record. The files were used at the hearing and affidavits were introduced by both parties. The files and affidavits are left out of the transcript by stipulation. The Court decided in favor of the motion, and a several judgment was entered accordingly against Clark, May 2d, 1864.

The judgment recites, among other things, the appeal to the Supreme Court, the remittitur and the joint judgment against the eight defendants in the first instance, and states that it was entered " in pursuance of the directions of the Supreme Court;" and then follows the further statement that the first judgment " was afterwards amended, on motion of the plaintiff, by striking out the name of Clark; and that judgment was thereupon rendered against his co-defendants, leaving [out] the said defendant Clark. Now, upon application of counsel for the plaintiff, it is ordered, adjudged and decreed," etc. The appeal is taken from this judgment against Clark and from the order by which the judgment was awarded.

The proposition of the appellant comes to this: That the record establishes a voluntary discontinuance or abandonment of the action as to Clark. The argument, generally stated, is, that the first judgment was substantially in conformity to the mandate; that the plaintiff moved to modify or amend the judgment by striking out the name of Clark and three others; and, furthermore, that he procured the judgment against the remaining four to be turned or resolved into several judgments against each of them, thereby, as is contended, manifesting an intention to abandon all further proceedings in the action as to Clark. The counsel of the respondent, however, does not assent to but controverts the facts upon which the reasoning proceeds.

First—The judgment first entered upon the remittitur, was not, in our opinion, in conformity to the mandate of the Supreme Court. In the first place, the judgment was entered

against eight of the defendants only. In the second place, it was entered against the eight jointly. The answers were several—the findings were several—and, in the absence of any stipulation of parties, the joint judgment was erroneous and any party prejudiced by the error could have appealed. (*Winans* v. *Christy*, 4 Cal. 70; *McGarvey* v. *Little*, 15 Cal. 31.) And the Supreme Court took that view of the law when it directed judgment to be entered upon the special findings. It does not appear that that form of judgment was departed from on stipulation, nor by reason of any interposition of the plaintiff. He did nothing, so far as the record shows, except move for judgment " in conformity with the mandate ;" and the judgment that he got was very far from conforming to the mandate. Thereafter, according to the record, the plaintiff moved to " modify the judgment" by making a fresh " application and motion for judgment in conformity with the mandate of the Supreme Court." In view of this specification it is manifest the plaintiff was dissatisfied with the judgment as it stood on the ground that it met the mandate neither in form nor in substance. We gather from the specification that it was the fixed purpose of the appellant to stand upon the mandate as the test of his right and of the form in which the judicial vindication of it should be pronounced upon the record. But the judgment entered ministerially upon this motion was a wider departure from the requirements of the mandate than the one which it was the purpose of the motion to supplant. The new judgment was several to be sure, but it was against four defendants only. And for this eccentricity the plaintiff is in no manner responsible upon the record. There are then no acts of discontinuance or abandonment by the plaintiff, but a persistent seeking on his part for the relief adjudged by the Supreme Court instead.

There is an apparent conflict between the recitals of the several judgment against Clark—the third in the series—and the recitals contained in the first and second judgments respectively. By the recitals of the first judgment it " was entered upon the plaintiff's motion for judgment in conformity to the

mandate," and the recitals of the second judgment are to the same effect. Each of these judgments may be said to state the facts of its own history, and the third judgment undertakes to recapitulate them. It recites that the first judgment " was entered in pursuance of the direction of the Supreme Court." Whether it was so entered or not is a question of law and not a point of fact. We have the judgment and the mandate both before us, and hold that the first judgment is not in pursuance of the mandate, except it be in a very limited sense. We consider that the Clerk in entering up the third judgment fell into a mistake of law in this respect. The third judgment recites also that the first judgment " was, on motion of the plaintiff, amended by striking out the name of the said defendant Clark, and judgment was thereupon entered against his co-defendants, leaving out the said defendant Clark."

These judgments are all *in pari materia*, and counsel have so treated them by bringing them all into the record, and by arguing upon each of them as illustrated by the others. The judgments were entered by the Clerk as a ministerial officer (*McMillan* v. *Richards*, 12 Cal. 46S) ; and if entered by judicial direction, it comes to the same thing. The recital in a judgment that a party defendant against whom the judgment is entered appeared in the action is *prima facie* evidence only of the fact ; and we consider the Clerk's recital in the third judgment, that the first was amended by " striking out Clark's name on the plaintiff's motion," to be so far within the rule that it may at least be confronted with the recital in the second judgment which gives a very different version of the character and object of the plaintiff's motion. Again : at the time the third judgment was applied for and ordered, the Court had nothing before it bearing upon the question in hand, of which we have any knowledge, except the second judgment and its recitals ; and they constitute the basis, as we must presume, on which the several judgment against Clark was ordered. The recitals of the third judgment were not ordered by the Court—nor was it necessary to insert them. They were put in by the Clerk, and are nothing more than his exposition of

the motion antedating the several judgment and fully set forth therein. The result is, that there are in our judgment no facts in the record which *per se* work a discontinuance of the action as to Clark, and none showing that the action was abandoned as to him by the plaintiff. The plaintiff had a several verdict against Clark. The Supreme Court had adjudged the plaintiff was entitled to a separate judgment, and the plaintiff, after two unsuccessful applications, secured the entry of such judgment for the first time, on the 2d of May, 1864. We cannot adjudge that the plaintiff had lost his right to have judgment entered on the grounds stated except upon the clearest demonstration, and the whole force of the record is the other way.

Second—There is another view of the matter which may be very briefly stated. If there is any state of facts under which the entry of the third judgment can be vindicated, we must presume that that state of facts existed at the time the entry was ordered, and that the order was made on the ground of them. The files and affidavits used at the hearing are not inserted in the transcript. For anything we can know to the contrary, there may have been a stipulation among the files, or one may have been brought forward by affidavit, fully accounting for all the phenomena put as the basis of the argument submitted for the appellant—and conserving also the plaintiff's right to a several judgment against Clark—and by direct expression.

The order and judgment are affirmed.