## J. F. BROOKSCHMIDT

*v.*

## HENRY HAGEBUSCH *et al.*

MORTGAGE — *effect of subsequent agreement as to application of payments.* A husband and wife executed a mortgage upon their homestead to secure an indebtedness of the husband, and the wife released her dower and homestead. A portion of the debt was subsequently paid, and the amount indorsed on the note. Afterwards, the husband, by an arrangement with the mortgagee, agreed that the payment made on the mortgage debt should be applied on another indebtedness, and the note with the credit on it was given up, and another note, of same date and amount, executed and delivered, with the agreement that the mortgage should stand as security for it: *Held,* that, on a bill to foreclose, the wife was entitled to have the amount of the payments credited on the mortgage debt, and that, as against her, the mortgage could only be foreclosed for the balance due after deducting the payments, but that, as against the husband, the complainant was entitled to foreclose for the whole amount of the original debt in accordance with the last agreement.

APPEAL from the Circuit Court of Washington county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. WATTS & FORMAN, for the appellant.

Mr. GEORGE VERNER, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a decree of the circuit court of Washington county, to reverse proceedings had therein to foreclose

a mortgage, in which one J. F. Brockschmidt was complainant and Henry Hagebusch and Onesia, his wife, were defendants.

It appears that, on the 3d day of October, 1860, the defendant Hagebusch executed and delivered to complainant, Brockschmidt, his note for one thousand one hundred and ninety dollars, payable four years after date, with interest at ten per cent. To secure the payment of this note, Hagebusch, with his wife, Onesia, executed a mortgage upon certain real estate described therein, in which mortgage both the grantors released their right of homestead, and the wife her dower. In 1863, two payments were made on this note, one of eight hundred dollars and the other of two hundred dollars, which were duly indorsed on the note, leaving a balance due, with interest, of about four hundred dollars.

It appears, about this time, Hagebusch was much embarrassed, and the firm of F. Danckmeyer & Co. had a *capias* against him for a considerable amount. In this emergency, Hagebusch applied to complainant for assistance out of his trouble. One Seiving, a witness in the cause and a justice of the peace, went with Hagebusch to negotiate with complainant and to use his influence to extricate him from his embarrassments, and this was the plan Hagebusch proposed, to which complainant assented: An estimate was made of the balance due on the note given in October, 1860, of what was due complainant on other accounts, and what was due Danckmeyer & Co. for which they had issued a *capias;* and it was then agreed that these several payments of eight hundred dollars and of two hundred dollars, on the note of October, should be applied in discharge of these other claims. Accordingly, the old note was taken up, and a new note, bearing the same date and time of payment, and amount, was executed to complainant, the mortgage to remain as security, whereupon Hagebusch was released from arrest.

There are two aspects in which this case is to be viewed—first, in regard to the defendant Onesia, the wife of Hagebusch, and second, in regard to the interests of Hagebusch alone.

It appears, by the record, that the premises mortgaged were

the homestead of defendants, which they had released in the mortgage, and the wife her right of dower also. So far, then, as her rights and interests are involved, she has an unquestioned right to claim and insist upon the full benefit of all the payments made on this mortgage, and be liable for the balance only. This balance is stated to have been about four hundred dollars at the time this subsequent arrangement was made, and to which she was not a party. To this extent, only, are her rights exposed.

As to Hagebusch's liability, that is involved in the subsequent arrangement—one which he had a right to make, and did voluntarily make, and, so far as appears, to secure a *bona fide* debt due to complainant.

Justice and equity demand, therefore, in this view of the case, that the mortgage should be foreclosed as against the wife for the balance due thereon only, and foreclosed against the husband according to the terms and tenor of the subsequent agreement. This will be doing justice to all parties.

The decree of the circuit court is reversed, and the cause remanded to the circuit court with instructions to refer the cause to the master to ascertain how much was due on the mortgage at the time the after-arrangement was made, and for that amount the mortgage will be foreclosed as to the interest of the wife. The circuit court will decree against Hagebusch to the extent of his subsequent agreement as to the amount of his indebtedness.

*Decree reversed.*