## OSCAR D. FITZSIMMONS *et al.*

### *v.*

### JAMES J. HALL.

1. PLEADING AND EVIDENCE—*issue on plea of non est factum.* In a suit upon an attachment bond, where the only issue is upon the plea of *non est factum*, sworn to, proof of the execution of the bond by the parties inter posing the plea is sufficient to entitle the plaintiff to recover.

2. Under a sworn plea of *non est factum* by the securities in an attach ment bond, in a suit against them, the question as to the liability of the principal in the bond is not presented, and the plaintiff is entitled to recover upon proof of the execution of the bond by the parties denying its execution.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellants.

Mr. OSCAR A. DELEUW, and Messrs. EPLER & CALLON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was debt, in the Morgan circuit court, by James J. Hall, plaintiff, and against Oscar D. Fitzsimmons and Charles Cassell, partners, doing business under the firm name of Fitz-simmons & Cassell, defendants, on an attachment bond. The plea was, *non est factum*, verified by affidavit, and issue thereon, which resulted in a verdict and judgment for the plaintiff. To reverse this judgment, the defendants appeal.

It appears the writ of attachment was sued out in the firm name of Stewart, Aldrich & Co. The affidavit was made by one Warnock, claiming to be an agent of that firm, and against James J. Hall, and levied upon his goods. The execution of the bond by appellants was proved by the testimony of one of them, Mr. Cassell, and was, therefore, properly admitted in evidence. It was a joint and several bond, by the terms of which each party to it was bound. Whether or not the principals were bound, was not in issue. That question, perhaps, might have been raised by plea, but it was not. It was sufficient to sustain the issue on the part of the plaintiff, to show, as he did, that the bond was signed by one of the partners.

Exception was taken to the exclusion of some testimony offered by the defendants, tending to show the habits of plaintiff as a business man, on the point of his sobriety. This was not a matter in issue under the plea, and was properly excluded. The proof showed the plaintiff was in successful business when the attachment was levied. After the levy, his creditors pressed him, and broke him up. It was not an unfair inference that the attachment was the cause of it. As to the damages, they are not so much as the goods levied on were worth.

Seeing no error in the record, the judgment is affirmed.

*Judgment affirmed.*