## LAMET v. MILLER and Others.*

### No. 11,177; August 12, 1886.

#### 11 Pac. 744.

**Bill of Exceptions.—On Appeal from a Judgment on the Pleadings,** the bill of exceptions must show that the appellant excepted to the order granting the motion for judgment, or that he was absent from court when the order was granted, in which case the order is deemed to have been excepted to: Code Civ. Proc., sec. 647.

W. A. Gett, Jr., and Martin & Jones for respondent, Lamet; Grove L. Johnson for appellants, Miller and others.

By the COURT.—We cannot take notice that plaintiff moved for judgment on the pleadings, or that the motion was granted. Recitals in a judgment entered by the clerk are ordinarily immaterial; at least, on direct appeal. They are not necessary to the judgment, are not ordered by the court, and are frequently but the clerk's exposition of events antedating the judgment: Lesse v. Clark, 28 Cal. 36.

Here the judgment, with the recitals preceding it—all constituting one continuous writing—is signed by the superior judge. We do not find it necessary to say that, if the recitals contained all the essential elements of a bill of exceptions, we would treat them as a bill of exceptions signed and settled by the judge. Regularly, a bill of exceptions should be a distinct writing from the judgment. It may be that the introduction of matter which would constitute a bill of excep-

---

*For former opinion, see 68 Cal. 521, 9 Pac. 669.

tions into a writing, including both such matter and the judgment proper, and signed by the judge, will not deprive the matter alleged to be improperly inserted of its character as a bill of exceptions. The only important thing may be the certificate of the judge to a statement of facts which occurred in the court below.

It is enough to say in this case, however, that, even if the writing signed by the judge should be treated as a bill of exceptions as well as a judgment, it does not appear therefrom, either that the defendants excepted to the order granting the plaintiff's motion for judgment on the pleadings, or that they were absent when the order was made. An order made in the absence of the party is deemed to have been excepted to: Code Civ. Proc., sec. 647. But this does not relieve the party against whom such an order is made of the necessity of presenting and having settled a bill which shall show that the order was made under circumstances which would give him the benefit of the presumed statutory exception; that is, that it was made in his absence.

The recitals preceding the judgment do not show that the defendants were absent when the order was made. The fact that the motion was taken under advisement would not create a presumption of defendants' absence.

When a bill of exceptions is necessary, it must always contain a statement of the facts which will authorize this court to review the action of the court below. If the defendants were present when the order was made, they should have excepted to it. If they were not present, that fact should have been made clearly to appear in a bill of exceptions. Judgment affirmed.