## SMITH *et al* v. COMMERCIAL NATIONAL BANK *et al.*

1. S., one of the plaintiffs and husband of his coplaintiff, executed a promissory note to one A., and both the plaintiffs executed a mortgage to said A. on real property situated in the city of Huron to secure said note. A transferred said note and mortgage to one M. The plaintiffs not being able to pay M. the money due on said note and mortgage, S. arranged with a bank in Huron to advance the money to M., and the said S. and one C. as surety, executed a note to said bank for the same, and M. transferred the A. note and mortgage, leaving the name of the assignee in the assignment of said mortgage blank, and the A. note and mortgage were deposited in said bank as security for C., as surety upon said note, with the knowledge and consent of S., and in pursuance with said arrangement with said bank. This note not being paid, S. arranged with the defendant bank to advance the money to take up said note, and agreed that said defendant should take his own note and a transfer of the A. note and mortgage as security for such advance, and further agreed that the name of some officer of the bank should be inserted as assignee in the assignment of the mortgage for the benefit of the defendant bank. Thereupon the defendant remitted to the Huron bank the amount required to take up the S. and C. note and received from the latter the A. note and mortgage, in the as-

signment of which mortgage the name of a bank officer of the defendant was inserted, and the assignment was thereupon duly recorded. The S. note to the defendant, renewed from time to time, not being paid, the defendant proceeded to foreclose the A. mortgage in its own name by advertisement. Of this last transaction the wife had no knowledge. *Held,* that these transactions did not operate as a payment or extinguishment of the A. note and mortgage, and that it was competent for S. to so arrange with the defendant bank to take and hold the same as security for his note to such bank. *Held,* further, that the defendant bank acquired such title to the A. note and mortgage as fully authorized it to foreclose the same in its own name, and sell the mortgaged property to satisfy the said S. note, given by him to the defendant bank for the advances made by it to take up the note given by S. and C. to the Huron bank.

2. A notice of foreclosure published in a newspaper having a general circulation in the county in which the mortgaged property was situated, sufficiently complies with the law of this state which provides that "notice * * * must be given by publishing the same * * * in a newspaper of a county where the premises intended to be sold, or some of them, are situated."

(Syllabus by the Court.    Opinion filed October 1, 1895.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action to set aside a foreclosure sale and cancel the certificate. Defendants had judgment, and plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*T. H. Null,* for appellants.

In cases of attempted revivor of mortgages, the creditor can only be protected by the doctrine of equitable mortgage. Peckont v. Haddock, 36 Ill. 38. A party excercising a power of sale is a trustee for all the parties and must not only conform to the letter of the law, but must execute the trust in the interest of all the parties. Ingle v. Culbertson, 43 Ia. 265; Thompson v. Heywood, 129 Mass. 401; 2 Jones Mtgs. 1835.

*F. Vollrath,* for respondents.

Where a party is guilty of gross *laches* and such appear on face of the complaint it is bad on general demurrer as not stating facts sufficient to constitute a cause of action. Whitsker v. South

West, 12 S. E. 507; Porter v. Booth, 1 S. D. 558; Eberstein v. Willats, 24 N. E. 967; Foster v. Hall, 44 Wis. 568; Hiles v. Mosher, *Id.* 60; Luston v. Rodgers, 29 N. E. 866; Burklé v. Levy, 11 Pac. 643; Bush v. Sherman, 80 Ill. 160; Hoyt v. Inst. 110 Ill. 390.

CORSON, P. J.   This was an action to set aside a foreclosure sale of real property by advertisement, and cancel the certificate of sale.   Judgment was rendered for the defendants, and the plaintiffs appeal from the judgment, taking their appeal from the judgment roll only.   The case was tried by the court, and the facts as found will be briefly stated.   In July, 1883, the plaintiff Smith executed a promissory note to one Avery, and to secure the same Smith and wife, coplaintiffs, executed to said Avery a mortgage on certain real estate in the city of Huron, Beadle county. In the spring of 1886 Avery transferred said note and mortgage to H. Ray Meyers.   The court finds:  "That in the fall of the year 1886, said H. Ray Meyers wanting his money, said Nathan T. Smith arranged with the First National Bank of Huron, in said Beadle county, as follows:   Said Smith and one L. K. Church, as principal and surety, executed a promissory note to said bank for the sum of $1,380, and to indemnify said Church in case he should have to pay the note as such surety, said Nathan T. Smith procured said Meyers to execute an assignment of said mortgage (except that the name of the assignee was left blank), and said Meyers left the said assignment, with the said Avery note and mortgage, with the First National Bank of Huron, and upon receipt of said notes and mortgage said bank paid to Meyers the full amount due him, as shown by the face of said $1,200 note with the accrued interest, being the sum of $1,380."   In the fall of 1887, the Huron bank requiring payment of the Church note, Smith proceeded to St. Paul and induced the defendant bank to advance sufficient money to take up the Church note, and he agreed with the said St. Paul bank to give his own note, and that the Avery note and mortgage should be transferred to it.   The defendant bank thereupon remitted to the Huron bank the money nec-

essary to take up the Church note, and the Huron bank forwarded to it the Avery note and mortgage. Smith caused the blank for the name of the assignee in the assignment to be filled up with the name of an officer of the defendant bank. Smith failing to pay his note to the defendant bank, that bank in 1889 proceeded to foreclose the Avery mortgage by a notice in a newspaper published at Hitchcock, about 12 miles from the city of Huron, in Beadle county. In 1890 Smith conveyed said mortgaged property to his wife, the coplaintiff, and since 1888 the plaintiffs have occupied said premises as a homestead. The court further finds that the said Avery note and mortgage have never been paid, except by the foreclosure proceedings, and that the wife had no knowledge of the transaction between Smith and the defendant bank. Upon the facts above stated, and other findings not necessary to be noticed, the court concluded, as matter of law, that the defendant was entitled to judgment.

The learned counsel for the respondent raises a preliminary question that, as there is no bill of exceptions or statement, there are no errors that can be reviewed on this appeal, and he contends that neither the judgment nor findings of fact can be reviewed, unless exceptions were taken to them on the trial and brought here by a bill of exceptions. In support of his contention he cites Lamet v. Miller (Cal.) 11 Pac. 744, Purdum v. Taylor (Idaho) 9 Pac. 607, and other California and Idaho cases. In both of the cases cited motions were made for judgment upon the pleadings, and those courts held that in such case a bill of exceptions is necessary, in which it should be made to appear that the party appealing excepted to the order granting the motion, or that he was absent when the order was made. Both courts evidently treated the order made upon the motion as coming within the latter clause of section 5080, Comp. Laws, and the correctness of the ruling of the court upon the motion as the principal matter to be reviewed. Where a motion is made for judgment upon the pleadings, a formal motion is necessary. But a judgment is rendered upon a verdict of a jury or findings of fact by the court, as matter

of course, and no formal motion is required. The findings as well as the judgment constitute a part of the judgment roll. Mort- gage Co. v. Bradley, 4 S. D. 158, 55 N. W. 1108. A judgment is deemed to have been excepted to, under the first clause of section 5080, Comp. Laws. On an appeal from a judgment roll alone, it is the judgment only that is complained of, as not being justified by the verdict, findings or pleadings constituting the judgment roll. We think there is, therefore, a broad distinction between the cases cited, and the case at bar. In the cases cited, not only is formal motion necessary, but the court has no knowledge of the exception unless brought up by bill of exceptions. The objection, therefore, that, there being no bill of exceptions, there is no ques- tion for review by this court, is untenable, and must be overruled.

The learned counsel for appellants states the questions before the court as follows. First. Did the defendant bank acquire a lien upon the mortgaged premises? Second. If so, was the lien anything more than a mere equity arising either by estoppel or subrogation? Third. If it had any lien, could it foreclose the same by advertisement, or must it resort to a court of equity to foreclose the same? The counsel for appellants contend that, by the transaction between Smith, Meyers, and the Huron bank, the Avery note and mortgage were transferred to Church, and that, as he has never transferred them to the defendant bank, that bank has no legal title to the same. But in this contention the learned counsel has, in our opinion, entirely misconceived the effect of that transaction. It will be noticed that by finding No. 3 the Avery note and mortgage were never in fact assigned or de- livered to Church, but the mortgage was assigned with the name of the assignee left blank, and deposited with the Huron bank as security to indemnify Church, in case he should be required to pay the Smith-Church note. As he never paid that note, and the same was taken up by the defendant bank, Church never became the legal owner of the Avery mortgage. The transaction, as we view it, was in the nature of a conditional deposit of the assigned mortgage in the Huron bank, with authority to that bank to fill

the blank with the name of Church and deliver the same to him, in case he was required to pay the note signed by him; but, as Church never paid the note, he never became the legal owner of the mortgage. If we are correct in this position, Church never had any legal title to the mortgage, and when his note was taken up and canceled by the defendant bank, the condition was discharged, and he had no further interest in the mortgage, and had nothing to assign. It is clear that the Avery note and mortgage were not paid by this transaction with the Huron bank. It still remained a valid and subsisting mortgage upon the property. This being so, Smith still had authority, acting for himself and wife, to arrange with the defendant bank to take up the Church note, and to take an assignment of the Avery note and mortgage, as security for the money advanced to the Huron bank to take up that note. To carry out this arrangement we think Smith had implied authority from his wife to insert the name of an officer of the defendant bank in the blank in the assignment of the mortgage, thereby vesting the legal title to the same in such officer for the benefit of said bank. In fact, the transaction between Smith and the Huron bank may be eliminated from the case, as constituting no important element in the same, and the case treated precisely as though Smith had arranged with the defendant bank to carry the Avery mortgage in the first instance, and the mortgage had been directly assigned by Meyers to the defendant bank. Taking this view of the case, it becomes a very simple one. The title of the defendant to the Avery note and mortgage, upon such view, could not be questioned. When, therefore, Smith failed to pay his note, the defendant had the undoubted right to foreclose the Avery mortgage, as its legal owner and holder. The counsel for the appellants cite authority holding that when a mortgage is actually paid off by a mortgagor, such mortgagor cannot recall the payment and keep the mortgage alive, as against a surety or comortgagor, without his consent, or, as against a wife who has a homestead right in the premises, without her consent. This is undoubtedly good law, and seems to be fully

sustained by the authorities. Cason v. Heath, 86 Ga. 438, 12 S. E. 678; Brocksmidt v. Hagebusch, 72 Ill. 562; Ayers v. Wattson, 57 Pa. St. 360; Abbott v. Upton, 19 Pick. 434. But in the case at bar the Avery mortgage was never paid off, nor was it the intention of either Smith, Meyers, Church, the Huron bank, or the defendant bank that the money advanced by either bank should be applied in payment of the mortgage, as its payment would have defeated the very object of all the parties, which was to keep the Avery mortgage in full force, in order that it might remain security for the money advanced to extend it from time to time. We conclude the defendant acquired a valid legal title to the Avery note and mortgage, and that the defendant had the lawful right to foreclose the same.

The last point made by counsel for appellants, that the foreclosure advertisements being published in a paper in a town some 12 miles from Huron rendered the sale illegal, is, we think, untenable. The statute (section 5414) provides: "Notice * * * must be given by publishing the same * * * in a newspaper of a county where the premises intended to be sold, or some of them, are situated." This statute was complied with, and the court found that the newspaper in which the foreclosure notice was published was one having a general circulation in the county. The judgment of the circuit court is affirmed.