## EAST SIDE MILL CO. *v.* FELDMAN.

(152 Pac. 266.)

**Appeal and Error—Decisions Appealable—Consent Decree.**

1. A defendant whose attorney stipulated that another defendant might have a decree in its favor, and who approved the decree prepared and presented to him, could not appeal from such decree.

From Multnomah: HENRY E. MCGINN, Judge.

This is a suit by the East Side Mill & Lumber Company and the Portland Hardwood Floor Company, a corporation, against Ernest Feldman and Poldi Feldman, his wife, Frank Holten, W. B. Starr, J. H. Fonner, the Laurelhurst Company, a corporation, to foreclose a lien. Respondent moves to dismiss the appeal. The facts are stated in the opinion of the court.

APPEAL DISMISSED.

*Messrs. Lewis & Lewis,* for the motion.

*Mr. Robert C. Wright, contra.*

In Banc.   Mr. Justice Eakin delivered the opinion of the court.

1. This is a suit to foreclose a lien.   The Portland Hardwood Floor Company answered, setting up its lien.   The Laurelhurst Company filed a demurrer, which being overruled, the company answered.   The case came on for trial, when the following occurred, according to the recitation in the decree:

"At said time it was stipulated and agreed in open court by and between said Lewis & Lewis, attorneys for said defendant and cross-complainant, Portland Hardwood Floor Company, and Hayes & Wangerien, attorneys for defendant Laurelhurst Company, that the defendant and cross-complainant, Portland Hardwood Floor Company, might have a decree foreclosing its certain mechanic's lien filed against lot 4, block 115, Laurelhurst, for the sum of $93.25, with interest thereon at the rate of 6 per cent per annum from the 3d day of July, 1913, until paid, and for the further sum of 90 cents for filing and recording said lien and for its costs and disbursements incurred in the prosecution of this suit, and for $20 attorney's fees."

After said stipulation counsel prepared a decree and presented the same to attorneys for defendant Laurelhurst Company, who approved the same, which was then taken to the judge, signed and regularly entered on the journal.   The Laurelhurst Company now appeals from the decree, and the Portland Hardwood Floor Company moves to dismiss the appeal for the reason that the decree was consented to by the Laurelhurst Company.   The appellant denies this is a consent decree, and further alleges that the objection that

the complaint does not state facts sufficient to constitute a cause of suit is never waived. In *Rader* v. *Barr,* 22 Or. 495 (29 Pac. 889), this court held:

"By consenting to the rendition of a judgment in favor of the plaintiff * * for the amount claimed, the defendant, in effect, waived his answer and left no issue in the case to be tried, and from such a judgment no appeal lies."

This case has been affirmed in this court many times. In *Schmidt* v. *Oregon Mining Co.,* 28 Or. 9 (40 Pac. 406, 1014, 52 Am. St. Rep. 759), this whole question was very thoroughly considered by Mr. Justice Wolverton, who says:

"The conditions, simply stated, are: The court is requested by one party to make certain findings, and to enter a decree thereon with certain definite conditions. To all this the other party consents, and the decree is entered. Now, the party making the request appeals to this court, and demands that the decree be reversed in part, without even so much as moving the lower court to modify its findings, or the decree entered thereon, or calling its attention to errors and irregularities, so that the court could, upon its own motion, purge the record of its infirmities. To say the least, this is not fair treatment of the court below, and in support of its decree this court will presume the consent of plaintiff to the entry thereof in its present form: Hayne's New Trial and Appeal, § 285, p. 846; *Parker* v. *Altschul,* 60 Cal. 380; *Lesse* v. *Clark,* 28 Cal. 36; *Wilson* v. *Dougherty,* 45 Cal. 35; *Reynolds* v. *Hosmer,* 45 Cal. 637. Consent excuses error, and ends all contention between the parties. It leaves nothing for the court to do but to enter what the parties have agreed upon, and, when so entered, the parties themselves are concluded. From such a decree there is no appeal."

This opinion disposes of the case, and the appeal must be dismissed.        Appeal Dismissed.