Motion to dismiss appeal argued September 22, allowed October 22, 1915.

## LENGELE v. MOORE.

(152 Pac. 267.)

**Appeal and Error—Judgment Entry—Consent Decree.**

1. Where a decree in the trial court is entered by consent of the parties, no appeal can be taken.

From Polk: HARRY H. BELT, Judge.

In Banc. Statement by MR. JUSTICE EAKIN.

This is a suit by Theodore Lengele against Mrs. B. McN. Moore, J. M. Hanslimair, Geo. O. Sloan and Daisy A. Sloan, in which the respondent files motion to dismiss the appeal. In this case the court finds that by stipulation the appellants and respondent consented to the decree as entered. The notice of appeal was served the first day of July, 1915. The undertaking was served on the twelfth day of July, and filed the same day. No further time was granted to file the transcript, but it was filed in this court on the thirty-first day of August, 1915. Respondent moves to dismiss the appeal upon two grounds: (1) That the transcript was not filed within the time required by law; and (2) that it is a consent decree.    APPEAL DISMISSED.

*Mr. Samuel M. Endicott,* for the motion.

*Messrs. Unruh & Macy, contra.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The motion must be sustained upon both grounds. Appellant's time to file his transcript in this court expired on the sixteenth day of August, and it was not

filed until the 31st. The law requires that it shall be filed within 30 days from the time the appeal is perfected, which time was the seventeenth day of July. The case of the *East Side Lumber Co.* v. *Feldman et al., ante,* p. 644 (152 Pac. 266), holds that a consent decree cannot be appealed from, citing numerous authorities which it is not necessary to repeat here.

                                        Appeal Dismissed.