## McCARGAR *v.* MOORE.

(157 Pac. 1107; 171 Pac. 587; 173 Pac. 258.)

**Attachment—Liabilities on Bonds—Extension.**

1. The amount of liability of a surety company, on bond to release an attachment, was fixed thereby, and could not be extended to other actions against the same defendant by his subsequent agreement, or by action of the court.

**Attachment—Liabilities on Bonds—Estoppel of Surety.**

2. A surety on a bond to release an attachment is not estopped by the judgment to show that the principal never released the property proposed to be discharged.

[As to judgment against the principal as evidence against the surety on attachment bonds, see note in Ann. Cas. 1915D, 407.]

**Appeal and Error—Judgment by Consent.**

3. A party who consents that a judgment or decree be rendered against him cannot change his mind and appeal from the judgment.

**Principal and Surety—Consent to Judgment—Entry Without Notice.**

4. If a surety, by his undertaking, consents that a judgment be rendered against him, in the absence of fraud or collusion it may be entered without notice.

### ON THE MERITS.

**Appeal and Error—Service of Notice—Time.**

5. Where a judgment was rendered on December 16, 1915, and entered on December 18th, and notice of appeal was served and filed on February 17, 1916, the notice was not served within 60 days, as required by Section 550, subdivision 5, L. O. L., as amended by Gen. Laws 1913, page 617, the time for appeal expiring on February 16, 1916.

**Courts—Jurisdiction—Dismissal on Court's Own Motion.**

6. Whenever want of jurisdiction appears, it is the duty of the court, at any stage of the proceeding, even on its own motion, to refuse to proceed further.

ON APPEAL FROM TAXATION OF COSTS.

Costs—Prevailing Party—Dismissal of Appeal.

7.   Where appeal was dismissed *sua sponte*, or on oral motion on the ground that the transcript was not filed in time, the respondent is entitled to costs as the prevailing party.

From Multnomah: Henry E. McGinn, Judge.

In Banc.

Action by C. A. McCargar and others, copartners, doing business under the firm name and style of McCargar, Bates & Lively, against L. M. Moore, doing business as L. M. Moore & Co., in which attachment was issued and levied, whereupon defendant executed bond for its release, with the Illinois Surety Company as surety.   There was judgment for plaintiffs by consent, and upon issuance of execution the Surety Company applied for hearing.   From denial of the application the Surety Company appealed, and plaintiffs move to dismiss.   Motion to dismiss denied, with the privilege to renew and submit briefs and arguments at final hearing of the cause.          Motion Denied.

*Messrs. Senn, Ekwall & Recken,* for the motion.

*Mr. Thomas Mannix, contra.*

BEAN, J.—Plaintiffs move to dismiss this appeal for the reason that the judgment appealed from was rendered by consent.   They commenced an action against defendant L. M. Moore, doing business as L. M. Moore & Co., for the collection of $581.15.   An attachment was issued and levied upon certain property, whereupon the defendant executed a bond for its release under Section 311, L. O. L., with the Illinois Surety Company as surety thereon.   Two other actions were instituted by the same plaintiffs against

the same defendant. The aggregate amount claimed in the three actions is stated to be about $1,300. On September 14, 1915, a stipulation was entered into between the plaintiffs and defendant Moore to settle all three actions for the sum of $860, conditioned that if the same were not paid within a certain time, judgment should be entered for the agreed amount. No liquidation having been made, on December 16, 1915, upon notice to Moore's counsel, judgment was entered in the first action against defendant and also against his surety on the bond for the discharge of the attachment, for the sum of $581.15, the total amount claimed in the action with interest and costs: See L. O. L., § 308. The record does not disclose that any notice was given to the Surety Company. Upon the issuance of an execution the Surety Company applied to the Circuit Court for a hearing in the matter for the reasons: (1) That it had no notice or knowledge of the proposed entry of the judgment, and was not a party to the stipulation; (2) that the action in which the bond for the discharge of the attached property was filed was settled for approximately $320; and (3), that a portion of the attached property was not released to the defendant Moore. This application being denied, the Surety Company appeals.

1–4. The stipulation for a settlement of the amount claimed in the three actions does not specify what sum should be recovered in the particular action wherein the bond for the release was filed. The amount of the liability of the Surety Company on the undertaking as surety for the defendant in the attachment does not appear to have been determined, or attempted to be determined, by the stipulation. It was fixed by the bond, and could not be extended to other actions by a subsequent agreement of Moore, the principal, or by

action of the court as to the other two actions: 6 C. J., p. 340, § 703. A surety on such an undertaking is not estopped by the judgment to show that the principal never released the property proposed to be discharged: *Cortelyou* v. *Maben,* 40 Neb. 512 (59 N. W. 94). It is stated in 6 C. J., Section 740, page 350, that:

"Statutes authorizing summary remedies on forthcoming, delivery or dissolution bonds are to be strictly construed, and are available only where the bond is such as the statute contemplates; and one who seeks to enforce the liability of the obligors in this manner must comply, at least substantially, with the requirements of the statute in respect to all things which must be done in order to make the statutory remedy available."

It is indicated that the summary remedy provided by Section 308, L. O. L., does not prohibit nor impair the effect of any legal defense: 6 C. J., p. 353, § 753; *Dunlap* v. *Clements,* 18 Ala. 778; *Hayman* v. *Hallam,* 79 Ky. 389. It is well settled that a party who consents that a judgment or decree be rendered against him cannot change his mind and appeal from the judgment: *Plinsky* v. *Nolan,* 65 Or. 402 (133 Pac. 71); *East Side Mill & Lbr. Co.* v. *Feldman,* 77 Or. 644 (152 Pac. 266); *Lengele* v. *Moore,* 77 Or. 647 (152 Pac. 267). For a litigant to consent that a judgment be rendered against another party, as in the case at bar, is quite a different thing. If the surety by his undertaking consents that a judgment be rendered against him, in the absence of fraud or collusion, it may be entered without notice: *Andres* v. *Schlueter,* 140 Iowa, 389, 393 (118 N. W. 429). The question raised is so closely allied to the case upon the merits that it should not be finally passed upon without a full hearing. The motion to dismiss will therefore be denied, with the

privilege of renewing the same and submitting briefs and arguments at the final hearing of the cause.

Motion Denied.

Eakin, J., took no part in the consideration of this case.

---

Argued March 8, appeal dismissed March 26, 1918.

On the Merits.

(171 Pac. 587.)

For appellant there was a brief and an oral argument by *Mr. Thomas Mannix.*

For respondents there was a brief over the name of *Messrs. Senn, Ekwall & Recken,* with an oral argument by *Mr. Frank S. Senn.*

Department 2.

BEAN, J.—Counsel for plaintiff and respondent filed a motion to dismiss the appeal for want of jurisdiction. A statement of the facts and a memorandum of the former consideration of the motion will be found in 157 Pac. 1107. After a review we see no reason for changing the expression therein recorded as to that part thereof relating to judgment being rendered by consent. Further consideration of the motion was permitted by the former opinion.

5, 6. An additional question which was not specifically mentioned in the motion to dismiss was urged upon our attention at the argument of the case and is in the brief. Counsel for plaintiff and respondent submit that the notice of appeal was not served and filed within sixty days from the entry of the judgment appealed from as required by Section 550, subdivision 5,

L. O. L., as amended by General Laws of Oregon for 1913, p. 617. The judgment was rendered on December 16, 1915. The same was entered, as we understand the record, on December 18, 1915. The notice of appeal was served and filed on February 17, 1916. Counting from the later date of the judgment entry the time for serving and filing the notice of appeal, in order to give this court jurisdiction to determine the cause, expired on February 16, 1916. It was therefore not served or filed within the time specified by the code: *Hutchison* v. *Crandall,* 82 Or. 27 (160 Pac. 124); *Stanfield* v. *Mahon,* 82 Or. 300 (161 Pac. 561). Whenever want of jurisdiction appears, it is the duty of the court at any stage of the proceeding, even on its own motion, to refuse to proceed further. The appeal is therefore dismissed.                    APPEAL DISMISSED.

McBRIDE, C. J., MOORE and McCAMANT, JJ., concur.

---

Denied May 28, 1918.

MOTION TO RETAX COSTS.

(173 Pac. 258.)

*Mr. Thomas Mannix,* for the motion.

*Messrs. Senn, Ekwall & Recken, contra.*

BEAN, J.—7. Defendant appeals from the decision of the clerk taxing costs against the appellant upon the cause being dismissed at the instance of respondent: See former statements of the case: 157 Pac. 1107, and 171 Pac. 587.

Counsel for defendant, Illinois Surety Company, submits that as the case was dismissed *sua sponte* the rule announced in *Portland & O. C. R. Co.* v. *Doyle,* 86 Or. 206 (167 Pac. 270, 168 Pac. 291), does not apply.

The motion to dismiss was based upon the ground that this court had no jurisdiction of the case. It is true that the motion did not specify that the transcript was not filed within the time allowed by law, but this point was urged upon the argument and in the brief of plaintiffs. Quoting from the language of this court in the case of *Portland & O. C. R. Co.* v. *Doyle, supra,* "Granting the motion to dismiss made the respondent the prevailing party on the appeal." Whether the motion for dismissal was oral or written would not change the principle involved, which is the same as in the case cited and this cause is governed by the decision in that case. Under the statutes where an appeal is dismissed, the appellee is ordinarily entitled to costs of appeal: 15 C. J., § 609, p. 246.

There is no question raised as to the amount of the costs taxed. The decision of the clerk taxing the costs herein is sustained.

MOTION TO RETAX COSTS DENIED.