HOWARD CARROLL, *Plaintiff in Error*, vs. A. R. ORANIE and C. H. RUGGLES, Bondsmen, *Defendants in Error*.

139 So. 593.

Division A.

Opinion filed February 11, 1932.

*John Zeigler,* for Plaintiff in Error;

*O. E. Falls* and *Wideman, Wideman & Wardlaw,* for Defendants in Error.

BUFORD, J.—Suit by attachment was instituted in the Circuit Court of Palm Beach County by Howard Carroll against A. R. Oranie. Under the writ of attachment one Hupmobile Roadster was taken and held in possession of the Sheriff. The defendant filed a forthcoming bond which appeared to be executed by himself, C. H. Ruggles and A. P. Mason. The case came on for trial and the jury returned a verdict against the defendant in favor of the plaintiff and in that verdict assessed the value of the property which had been retaken by the defendant. Ruggles, learning that the forthcoming bond appeared to have been executed by him, came into court before judgment and filed an affidavit in the cause in the following language:

"This day personally appeared before me, a Notary Public, duly authorized to administer oaths, CHARLES H. RUGGLES, who being first duly sworn, deposes and says:

Affiant denies that he executed that certain forthcoming bond on file in this cause, bearing the signature 'C. H. Ruggles', and denies that said signature 'C. H. Ruggles' is his signature, and avers that the same is a forgery.

WHEREFORE he denies that he is a surety upon said bond, and traverses any liability on his part thereon."

Upon this affidavit being filed the court proceeded to hear testimony upon the question as to whether or not Ruggles signed the bond and after taking testimony submitted by both the plaintiff and Ruggles, held and adjudged

in favor of Ruggles. The record shows that the plaintiff reserved an exception to the action of the Court in hearing and determining the issues raised by the affidavit filed by Ruggles. After hearing the evidence the Court adjudged that the bond was not executed by Ruggles and discharged him from any liability thereon. There was no demand by the plaintiff for a jury trial of the issue as to whether or not the bond was executed by Ruggles and therefore, if the plaintiff was entitled to a jury trial on that issue, he waived it by not demanding it.

The sole question for us to determine is whether or not Ruggles had a right to intervene in this suit to contest his liability on the bond upon the ground that the same was a forgery and was not executed by him.

It is the contention of the plaintiff in error that if Ruggles executed the bond he could not intervene to defend in the suit because he was represented there by his principal, the principal on the bond, and if he did not execute the bond he was not a party to the suit and, therefore, could file no plea. We do not think the contention is tenable. It cannot be said that Ruggles was not a party at interest in this suit, although he may have been brought into it by a forgery.

Our statute, section 3429 R. G. S., 5282, C. G. L., authorizes judgments to be entered against sureties when judgment is entered against the principal on a forthcoming bond but it does not authorize a judgment to be entered against one who is not a surety. One who is not a surety but whose name appears on a forthcoming bond through forgery might after judgment resort to a suit in equity to cancel the judgment as to him, and this for the reason that he was without notice as to the pendency of the suit and the liability which appeared to exist against him as a surety on the bond. But we see no good reason why he should be required to wait until the judgment had been entered against him founded upon a forgery and then go

into a Court of Chancery to set aside the judgment when he has notice of the pendency of the suit and the existence of that which purports to be his bond.

There is no reason why one who appears to be a surety on an attachment bond, or a forthcoming bond, in an attachment suit, should not be permitted to offer the same defenses to his liability in that suit which he could offer if it were necessary to make him a defendant in a separate suit based upon that obligation.

In Fitzsimmons et al. vs. Hall, 84 Ill. 538, it was held:

"In a suit upon an attachment bond, where the only issue is upon the plea of *non est factum*, sworn to, proof of the execution of the bond by the parties interposing the plea is sufficient to entitle the plaintiff to recover,"

thus, recognizing the right of one whose name appears as a surety on a bond to contest the allegation that he is a surety on such bond.

In Clayton vs. Stephenson, 254, S. W. 507, the Civil Court of Appeals of Texas, in considering a case which appears to have been in material aspects like the one here under consideration, said:

"If the so-called replevy bond were a statutory bond, the appellant, Clayton, a surety thereon, was in many respects practically a party to the suit, and the court was authorized to render judgment on the bond without notice to him. Mills v. Hackett, 65 Tex. 580; Seinsheimer v. Flannagan, 17 Tex. Civ. App. 427, 44 S. W. 30; Morris v. Anderson, (Tex. Civ. App.) 152 S. W. 677; Triplett v. Hendricks, (Tex. Civ. App.) 212 S. W. 754. In any event we take it that he had the right to appear in the case and present any reasons in opposition to the rendition of a judgment against him on the bond, and to prosecute an appeal or writ of error in the event he was dissatisfied with the trial court's adjudication of his rights. Wandelohr v. Grayson County National Bank, 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046."

In McCargan vs. Moore, 88 Ore. 682, 157 Pac. 1107, a

like view was enunciated and in the case of Dunlap vs. Clements, 18 Ala. 778, the Supreme Court of Alabama said:

"The statute, giving to bonds, executed for the forthcoming of property levied on under attachment, when returned forfeited, the force and effect of judgments, and authorizing the issuance of executions thereon for the amount of the recovery in the attachment suits, was intended merely to provide a summary remedy, and not to deprive the obligors of any legal defense which they might have set up against the bonds at common law."

As heretofore stated, no jury having been demanded, it must be considered as having been waived. 35 C. J. 210. Malone vs. Meres, 91 Fla. 490, 107 Sou. 626.

The only other question which appears to us to require any mention is that of the sufficiency of the evidence to sustain the findings and judgment of the court. The record discloses substantial evidence sustaining the findings of the court and those findings, being entitled to the same weight and consideration as the verdict of the jury, will not be disturbed.

The judgment should be affirmed and it is so ordered. Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.