FRED ANDRES & COMPANY v. HENRY W. SCHLUETER and ILLINOIS SURETY COMPANY, Appellants.

**Attachment:** JUDGMENT AGAINST SURETY: ORDER OF LIABILITY. The provisions of Code section 3779, requiring that a judgment against a principal and surety shall recite the order of their liability to enable an exhaustion of the property of the prin-

cipal first, apply to the relation of principal and surety to the original indebtedness, and not to the entry of judgment against a surety on a bond in discharge of an attachment.

Discharge of attachment: JUDGMENT AGAINST SURETY: NOTICE. Judgment may be entered against a surety on a bond for the discharge of an attachment without notice, since by the terms of the statutory bond he agrees to satisfy any judgment that may be rendered against his principal, thus securing a relinquishment of all rights under the attachment.

Same. The surety on a statutory bond for the discharge of an attachment assumes the risk of the principal's failure to interpose any defense he may have and is concluded by the judgment entered, in the absence of fraud, collusion or want of jurisdiction.

Judgment on default: PROOF OF DAMAGE. Where the principal in a bond for the discharge of an attachment appears and files answer admitting plaintiff's cause of action and tendering an affirmative defense and a counterclaim, but subsequently makes default, judgment may be entered for plaintiff without proof of damage.

New trial: CASUALTY AND MISFORTUNE. Where a party has notice of the withdrawal of counsel from his case and that they will have nothing further to do with it in sufficient time to either appear in person, or to employ other counsel to appear before judgment, and having failed to do either, such withdrawal cannot be said to constitute such casualty or misfortune as to have rendered it impossible to defend, thus entitling him to a new trial.

Same: SHOWING OF DEFENSE. To justify the setting aside of a judgment on default under the provisions of Code, section 4091, a defense to the action must be presented and a showing that it can be sustained by the evidence; mere allegation of the existence of a defense is insufficient.

Application for new trial: REVIEW ON APPEAL. An application for a new trial on the ground of casualty and misfortune and the alleged defense to the action are to be determined as at law, and the finding of the trial court is entitled to the same weight as the verdict of a jury.

*Appeal from Polk District Court.*—HON. JESSE A. MILLER, Judge.

TUESDAY, NOVEMBER 24, 1908.

JUDGMENT for $20,171.95, as balance of account due plaintiff for cut stone furnished the defendant Schlueter under contract, having been rendered against said defendant on his failure to appear and defend, and against the Illinois Surety Company as the surety for Schlueter on a bond to discharge an attachment, the judgment defendants filed their separate motions to set aside said judgment on the ground that there was a good defense to plaintiff's cause of action, which, without negligence on the part of the judgment defendants, had not been presented to the court before the rendition of judgment. The motions were separately overruled, and each of the defendants appeals.— *Affirmed.*

*Hopkins, Peffers & Hopkins* and *Read & Read,* for appellants.

*Henry & Henry,* for appellee.

McCLAIN, J.—The judgment which appellants asked to have set aside on the ground of unavoidable casualty or misfortune preventing the defendant from defending (see Code, section 4091, par. 5) was rendered on September 20, 1907, upon failure of Schlueter, who was the sole defendant of record in the action, to appear after the issues were made up presenting an admission by said defendant of plaintiff's cause of action and an affirmative defense and counterclaim. The same judgment was rendered also against the Illinois Surety Company at the same time as surety on a bond given by Schlueter to discharge attachments levied on property in the action. Such a judgment without making the surety a party to the action or giving him notice that such judgment is to be rendered is provided for by Code, sections 3907, 3908. On the 27th of the same month the two judgment defendants filed separate motions to set aside the judgment, which

motions were supported and resisted by evidence taken in open court and by affidavits, and were overruled. As the separate appeals from these rulings present substantially the same questions and involve the same state of facts, they may properly be considered together.

I. Some matters of a preliminary nature may first be considered before reaching a discussion of the merits of the showing made by defendants to have the judgment

1. ATTACHMENT: judgment against surety: order of liability.

set aside. In the first place, the Illinois Surety Company was not a surety for Schlueter with reference to the original indebtedness, and much that is said in the printed argument, and also in the oral argument by counsel for that company beyond the points made in the printed brief, as to the rights of sureties, has no application to the liability of the surety company on the bond given to discharge the attachment. For instance, it is contended that under Code, section 3779, the judgment should have recited the order of liability of the principal and surety, so that the property of the principal might be first exhausted under the provisions of Code, section 3966, before the property of the surety was resorted to. But plainly these provisions have reference to the relation of principal and surety to the original indebtedness, and have no application under Code, sections 3907, 3908, providing for the entry of judgment against the surety on a bond to discharge an attachment.

The contention that the court was without jurisdiction to enter judgment against the Illinois Surety Company without notice to it, and an opportunity for it to present

2. DISCHARGE OF ATTACHMENT: judgment against surety: notice.

any grounds of release of liability which it may have had, may be answered in the same way. The bond was conditioned as provided by the statute on the performance and satisfaction by the principal of any judgment which might be rendered against him in the action. There can

be no question as to the constitutional power of a court
to enter judgment against a surety without notice where
the surety has by a contract of record consented that judg-
ment shall be so entered. *McConnell v. Poor,* 113 Iowa,
133. The principle involved is analogous to that applied
in sustaining a judgment rendered under a power of at-
torney authorizing a creditor to have judgment entered
in a court of record on the default of the debtor to pay
his obligation, and we have held that while our statute
does not authorize confession of judgment under warrant
of attorney, yet that a judgment entered in another State
where such practice is authorized is entitled here to full
faith and credit. *Cuykendall v. Doe,* 129 Iowa, 453.

As our statute does provide for such a bond as that
in question, in pursuance of which judgment is to be
entered against the surety without further proceedings,

3. SAME.

there can be no question, we think, as to
the validity of such judgment as against
any defense which might have been interposed by the
original debtor prior to the rendition of the judgment
against him. The holding in *Bedwell v. Gephart,* 67 Iowa,
44, that a surety on a bond for the release of attached
property may be discharged by the action of the attachment
creditor in releasing his lien upon the property to the
detriment of the surety on the bond, has no application
here, for the obligation of surety in the one case is en-
tirely different from that in the other. The bond in this
case provided for the entire suspension of any proceedings
by attachment on the condition that the surety should dis-
charge the judgment rendered against the principal, and
clearly the surety could have no right to question the
validity of the judgment on any ground which might have
been interposed by way of defense before the judgment was
rendered. If the judgment was procured by fraud or
collusion, or was void for want of jurisdiction over the
principal defendant, of course the surety on the bond could

resist the enforcement of the judgment as against him. But this surety agreed for a money consideration to satisfy any judgment that should be rendered against his principal, and thereby secured the relinquishment by plaintiffs of their remedy by attachment, and can not therefore be heard to question the correctness of the judgment entered. This surety accepted as one of its risks the failure of the principal defendant to successfully interpose any defense which he had to plaintiff's claim prior to the rendition of judgment against him, and is concluded by the judgment as rendered.

The further contention for the surety company that judgment should not have been rendered against Schlueter upon default without proof of the amount of plaintiff's 
4. JUDGMENT ON DEFAULT: proof of damage.
damage as provided in Code, section 3791, is also unfounded. That section relates to a default for want of pleading. (See Code, section 3788.) In this case there was a pleading filed by defendant Schlueter, admitting plaintiff's cause of action, but tendering an affirmative defense and a counterclaim. On failure of defendant to appear at the trial and introduce any evidence in support of the affirmative defense or the counterclaim, the court was authorized to enter judgment on plaintiff's admitted cause of action without other evidence. Under such circumstances there was no occasion for the assessment of damages either by the court or by a jury. Questions as to irregularity in the entry of a judgment not going to the jurisdiction of the court could not in any event be raised by the surety company, but as it is contended that we have before us also appeals by Schlueter and the surety company from the judgment as originally entered against them, we have thought it best to dispose of the objection raised without taking the time to determine whether such objection has been properly raised either in behalf of the surety company or Schlueter.

II.  The merits of the motions to set aside the judg-

ment must be determined, therefore, on objections common
to Schlueter and the surety company, for, as is indicated,

5. NEW TRIAL:
casualty and
misfortune.

the surety company is in no situation to
interpose objections not available to Schlue-
ter. We have then simply to determine the
question whether any grounds were presented by the mo-
tion and sustained by the evidence introduced in support
thereof entitling Schlueter to relief under the provisions of
Code, section 4091, for, as the motions were not filed within
three days after the judgment, grounds for new trial under
Code, sections 3755, 3756, can not be considered. The
only ground suggested in the motions which is within the
scope of the relief which may be given under section 4091
is that of unavoidable casualty or misfortune preventing
Schlueter from defending. The facts relied upon as con-
stituting such casualty or misfortune are that after the is-
sues were joined and the case was set down for peremptory
call on September 19, 1907, defendant's attorney, Cheshire,
withdrew his appearance in the case for defendant, and
left defendant without counsel to represent him. It may
be conceded that the unexpected withdrawal of appearance
by attorney without sufficient notice to enable his client
to take proper steps for appearance in person or by other
attorney would be a casualty or misfortune within the
statutory provision, but it appears that on September 17th
Cheshire advised one Drackett (then authorized to act for
defendant Schlueter, who was at the time in Denver, Colo.)
that he, Cheshire, would not further appear for Schlueter
in the case, and, on subsequently receiving a telegram and
letter from Schlueter with reference to this and other
matters, Cheshire wrote defendant on September 14th as
follows: "Your wire and letter received. In reply will
say that I can not further appear for you in cases pending
here [in Polk County], as I have not been paid for
services rendered, and there is more than five hundred
dollars due me, and I see no prospect of being paid. I

therefore can not give time or pay out expenses without some hope of being paid. . . . The case of Andres & Company against you is assigned for trial next Thursday. I have written to Chicago informing the parties [Drackett and others, who had been acting for Schlueter] that I will not appear in it. . . . You will therefore understand that if you desire an attorney here you will have to get some other attorney than myself."

This letter was received by Schlueter in Denver on the evening of September 17th. On the morning of the 18th he submitted it to attorneys in Denver, who advised him that he could rely upon Cheshire's looking after and protecting his interests, and he therefore believed it to be unnecessary for him to go to Des Moines or take any steps in the matter of litigation at that time, and he did nothing with reference thereto until after the judgment was rendered on the 20th. Notwithstanding the advice which he says was given to him by attorneys in Denver, we think Schlueter was unequivocally informed of Cheshire's withdrawal of his appearance in the litigation, and that it was his duty to proceed with all practical diligence to appear in person or by other counsel, if he desired to have his defense and counterclaim presented to the court. Perhaps the circumstances would have justified the court in postponing the trial had Schlueter appeared and asked for such postponement in order to enable him to present a defense, with a showing which would satisfy the court that there was reasonable ground to believe that with proper opportunity such defense could be made. But even as to this possibility it is to be said that plaintiff had been for some time insisting on the trial of the case, and that neither Schlueter nor his counsel had taken any steps whatever to secure the evidence necessary to sustain the defense pleaded. No witness had been subpoenaed, and, as will be hereafter indicated, defendant had been negotiating for a settlement which had failed only by rea-

son of his own neglect to comply with the agreed conditions thereof. However this may be, defendant had such notice of the withdrawal of his counsel that he might have appeared in person or by attorney before the judgment was rendered, and, having failed to do so, it can not be said that the casualty or misfortune involved in the withdrawal of counsel was such as to have rendered it impossible for him to defend the action.

The cases relied on for appellants are those in which it appears that by reason of the unexpected action of counsel a party has been absolutely prevented from appearing before judgment has been entered against him. See *Ennis v. Fourth St. Building Ass'n,* 102 Iowa, 520; *Peterson v. Koch,* 110 Iowa, 19; *Ex parte Roundtree,* 51 S. C. 405 (29 S. E. 66); *Utah Com. & Sav. Bank v. Trumbo,* 17 Utah, 198 (53 Pac. 1033). Where the failure of a party to appear is due to his own fault or neglect of his attorney, he is not entitled to relief. *Church v. Lacy,* 102 Iowa, 235; *Sioux City Vin. Mfg. Co. v. Boddy,* 108 Iowa, 538; *Williams v. Wescott,* 77 Iowa, 332; *Robins v. Modern Woodmen,* 127 Iowa, 444; *Hass v. Leverton,* 128 Iowa, 79.

III.  Another ground sufficient in itself for refusing relief to defendants on their motions to set aside the judgment is that no defense to the cause of action on which the judgment was rendered was shown. 6. SAME: showing of defense   Without the showing of a defense it would have been error in the court to set aside the judgment. See Code, section 4096. The only showing relied upon as establishing a defense was that in August, 1906, an agreement between plaintiff and defendant Schlueter was entered into by which plaintiff agreed to recall and quash the attachment suit on the execution of certain notes by Schlueter to plaintiff secured by a good and reliable surety bond approved by plaintiff. It appears that the notes called for by the agreement were signed

and delivered by Schlueter to plaintiff, but that no surety bond was ever furnished and therefore no settlement was ever effected. The fact that the notes remained in the hands of plaintiff awaiting the execution of the surety bond, and were not redelivered to defendant, is in our judgment wholly immaterial. The notes were not accepted as a compliance with the conditions of the settlement, and Schlueter never assumed or claimed until after this judgment was rendered that the settlement had been perfected. If, when advised that his counsel had withdrawn from the case, Schlueter had appeared and tendered the settlement as a defense, the court might very properly have refused to allow any such issue to be raised in view of the fact that the case had been put on the peremptory call for trial on the issues then presented by the pleadings. It does not appear from any showing on the motion to set aside the judgment that defendants could have sustained by evidence the allegations of their answer made by way of affirmative defense and counterclaim. To justify the setting aside of a judgment, there must be something more than a mere allegation of the existence of a defense. *Johnson v. Nash-Wright Company,* 121 Iowa, 173.

IV. If there is any conflict in the evidence with reference to the alleged casualty or misfortune or an alleged defense, it must be resolved in favor of the action of the trial court. The application is to be determined as at law and not in equity, and the finding of the court is entitled to the same weight as the verdict of a jury. Such finding can be interfered with only when it is without support in the evidence. *Sitzer v. Fenzloff,* 112 Iowa, 491; *Mogelberg v. Clevinger,* 93 Iowa, 736.

7. APPLICATION FOR NEW TRIAL: review on appeal.

As to the assignments of error on the admission and exclusion of certain testimony over defendants' objection, it is sufficient to say that the rejected testimony is in the record, and could not, if received, have affected the result,

and that the testimony received over defendants' objection, while not very material, did tend to negative bad faith on the part of plaintiff's counsel in taking judgment. As there was nothing tending to show bad faith of counsel, this testimony could not have had any influence on the result. We think the rulings of the court in each instance correct, but as error therein could not have been prejudicial, we need not discuss them.

The judgment and rulings of the trial court, so far as they are subject to review on these appeals, are, as to each of the judgment defendants, *affirmed.*