## CLARK v. ROMAN *et al.*

No. 4899.    Opinion Filed July 27, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 479.)

**JUDGMENT—Correction—Power of Trial Courts.** The power of trial courts to vacate or modify their judgments or orders at or after the term does not authorize the setting aside of a judgment or

final order at a subsequent term for mere errors of law which were properly subject to review upon motion for new trial at the term when rendered or made.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by C. A. Roman and another against H. H. Clark. Judgment for plaintiffs, and his motion for an order to vacate it being overruled, defendant brings error. Affirmed.

*T. W. Jones, Jr.*, for plaintiff in error.

*Geo. T. Webster*, for defendants in error.

Opinion by BLEAKMORE, C.  This proceeding in error is to review an order of the superior court of Custer county overruling a motion to vacate an alleged void judgment.  On April 4, 1910, Roman and Newcomb, real estate brokers, brought suit against H. H. Clark for $200, alleged to be the stipulated sum due them as commission.  They recovered judgment for $100.  Motion for new trial was overruled, and the case brought to this court, where the proceeding in error was dismissed, because defendants in error had neither waived nor been served with summons.  Mandate was issued and entered of record in the trial court on August 12, 1912.  Thereafter Clark filed his motion in the superior court of Custer county to vacate said judgment for the alleged reason that the same was void.  Upon the hearing of said motion there was offered in evidence and considered by the court the case-made, including the evidence and proceedings in the original cause and affidavits of attorneys for movant.

The contention of movant here is that, plaintiffs having declared upon an express contract, no lawful award

could have been made for a less amount than that fixed by the contract, and that because plaintiffs recovered against him $100.00, instead of $200.00, the amount sued for, the judgment went beyond the issues, and is therefore void. There is no merit in this contention. If it can be said that the judgment was erroneous as a matter of law, then movant had his remedy on motion for new trial and by appeal, of which he failed to avail himself by reason of neglect to have issued and served summons in error. "A void judgment may be vacated at any time, on motion of a party, or any person affected thereby." Rev. Laws 1910, sec. 5274; *Phoenix Bridge Co. v. Street,* 9 Okla. 422, 60 Pac. 221; *Nicoll v. Midland, etc.,* 21 Okla. 591, 96 Pac. 744; *Harding v. Gillett et al.,* 25 Okla. 199, 107 Pac. 665; *Wheatland G. & L. Co. v. Dowden,* 26 Okla. 441, 110 Pac. 898; *Spies v. Stone,* 40 Okla. 542, 139 Pac. 951. But the power given trial courts to vacate or modify their judgments or orders at or after the term does not authorize the setting aside of a judgment or final order at a subsequent term for mere alleged errors of law which were properly subject to consideration and review upon motion for new trial at the term when rendered or made.

The motion to vacate the judgment was properly overruled, and the order should therefore be affirmed.

By the Court: It is so ordered.