Gill et al. v. Exec. Com. of Home Missions of Presbyterian Church et al.

## GILL et al. v. EXECUTIVE COMMITTEE OF HOME MISSIONS OF PRESBYTERIAN CHURCH et al.

No. 5386.   Opinion Filed October 12, 1915:

Rehearing Denied November 23, 1915.

(152 Pac. 812.)

JUDGMENT—Correction—Power of Trial Courts. The syllabus in Clark v. Roman et al., 50 Okla. 780, 151 Pac. 479, is adopted as the syllabus in this cause.

(Syllabus by Galbraith, C.)

*Error from District Court, Bryan County;*
*Jesse M. Hatchett, Judge.*

Action by the Executive Committee of Home Missions of Presbyterian Church and another against M. J. Gill, doing business as the M. J. Gill Construction Company, and another.   Judgment for plaintiffs, and, defendants' motion to vacate judgment and application for a restraining order against the issuance of execution, etc., being denied, they bring error.   Dismissed.

*Wm. F. Robertson,* for plaintiffs in error.

*Hatchett & Ferguson,* for defendants in error.

Opinion by GALBRAITH, C.   This is an appeal from the order and judgment of the trial court denying a motion to vacate and set aside a judgment, and an application for a restraining order against the issuance of an execution, and any attempt to collect the judgment pending the hearing of this appeal.   There is a petition in error and a transcript; also a case-made attached thereto.

This is a second attempt to bring the judgment complained of before this court for review.   The first attempt

was by petition in error and case-made. That appeal was dismissed for irregularity in bringing the same. See 38 Okla. 429, 132 Pac. 652. The defendants in error have presented a motion to dismiss this second appeal for the reason, among others, that the errors complained of cannot be brought to this court for review in the manner attempted in this appeal. It appears from the transcript that the judgment attacked and sought to be vacated is alleged to be void for two reasons: First, that the trial court never acquired jurisdiction over the person of one of the plaintiffs in error, M. J. Gill; second, that the amended petition upon which the cause was tried, and the judgment rendered, was never amended by making the "Executive Committee of Home Missions of the Presbyterian Church, a corporation," a party plaintiff to the action, and by setting out proper averments as a foundation for the judgment in its favor. An examination of the decision of this court rendered on the first appeal (38 Okla. at page 434, 132 Pac. 652) discloses the fact that each of these contentions for the claim that the judgment is void, was urged upon the court at that time, and each was pronounced by the court to be "without merit." That determination of these questions by this court ought to, and does, dispose of them finally so far as this lawsuit is concerned.

The judgment complained of was rendered in an action on a contractor's and builder's bond, and was against the principal, the contractor, and surety company making the bond guaranteeing the faithful performance of the building contract. The trial court was a court of general jurisdiction, and had jurisdiction of the subject-matter in that action, and it appears to have acquired jurisdiction over the person of the principal and surety on the bond in suit. The judgment is regular in form, and seems to be a valid judg-

ment. Nothing appears from the face of the record that tends to show the judgment to be void. Irregularities in obtaining the judgment that may have affected its validity might have been brought to this court for review by petition in error and case-made. It seems that the attempt made to bring the judgment here for review in the regular way failed through the carelessness or negligence of the complainants, and for that reason such judgment became final at the close of the term at which it was rendered. It is clear that that judgment cannot now be brought here for review by this attempted appeal.

A case exactly in point and controlling the. instant case is that of *Clark v. Roman et al.,* 50 Okla. 780, 151 Pac. 479, where it is said:

"If it can be said that the judgment was erroneous as a matter of law, then movant had his remedy on motion for new trial and by appeal, of which he failed to avail himself by reason of neglect to have issued and served summons in error. 'A void judgment may be vacated at any time, on motion of a party, or any person affected thereby.' Rev. Laws 1910, sec. 5274; *Phoenix Bridge Co. v. Street,* 9 Okla. 422, 60 Pac. 221; *Nicoll v. Midland, etc.,* 21 Okla. 591, 96 Pac. 744; *Harding v. Gillett et al.,* 25 Okla. 199, 107 Pac. 665; *Wheatland G. & L. Co. v. Dowden,* 26 Okla. 441, 110 Pac. 898; *Spies v. Stone,* 40 Okla. 542, 139 Pac. 951. But the power given trial courts to vacate or modify their judgments or orders at or after the term does not authorize the setting aside of a judgment or final order at a subsequent term for mere alleged errors of law which were properly subject to consideration and review upon motion for new trial at the term when rendered or made."

The motion to dismiss is well taken, and should be sustained.

By the Court: It is so ordered.