**WAGNER et al. v. LUCAS et al.**

No. 10815—Opinion Filed Sept. 21, 1920

(Syllabus by the Court.)

**1. Judgment — Default — Vacation — "Unavoidable Casualty or Misfortune."**

It is the duty of an attorney regularly employed in a case to keep advised of its situation and the proceedings had therein, and where, in a proceeding to vacate a judgment under subdivision 7 of section 5267, Rev. Laws 1910, on the grounds of unavoidable casualty or misfortune, the evidence discloses no event or casualty happening against the will and without the negligence or other default of a party, but only carelessness on the part of the attorney in allowing such default to be taken, and that the exercise of proper care and reasonable diligence could have kept him properly advised as to the proceedings and enabled him to appear and defend, such negligence by the attorney in the performance of this duty cannot be considered such unavoidable casualty or misfortune as prevented the party from defending within the purview of this statute, and the trial court did not err in overruling the petition.

**2. Same—Defective Petition—Refusal to Vacate.**

Where the trial court has jurisdiction of the parties, of the subject-matter, and the particular questions involved, and the allegations in the original petition are sufficient to challenge a judicial inquiry, the judgment rendered by such court is not void on account of an amendable defect or insufficiency in the petition, and it is not error for the court to refuse to vacate and set same aside for such reason upon petition filed by defendant after the term.

Error from District Court, Caddo County; Will Linn, Judge.

Action by George Lucas and another against Elmer T. Wagner and another to cancel oil lease. Judgment by default for plaintiffs. Petition by defendants to vacate judgment denied and they bring error. Affirmed.

Bond, Melton & Melton, for plaintiffs in error.

Everest, Vaught & Brewer and Morris & Jameson, for defendants in error.

HIGGINS, J. This action was instituted by George and Sallie Lucas, lessors, against Elmer T. Wagner, lessee, and George Gorton, assignee, to cancel oil and gas lease and assignment thereof. Summons was regularly issued and served, and a motion by defendants to separately state causes of action was heard and overruled, defendants appearing and being given 15 days to plead. In due course the docket was made up pursuant to

order of court setting certain cases for trial, the case at bar was heard at the proper time in accordance therewith, and judgment was rendered canceling said lease and assignment. Defendants had filed no pleading, nor did they appear at the trial. Sometime subsequent to the rendition of said judgment plaintiffs re-leased said premises for oil and gas purposes for a cash consideration of $9,000.

About ten months after the date of the judgment, defendants filed petition to vacate same, and thereafter defendant Wagner filed a disclaimer as to his interest in the controversy and asked that the petition to vacate be dismissed as to him. Plaintiffs answered, and, after the trial of the issues and introduction of evidence, the petition of defendants to vacate the judgment was denied and overruled. From this order defendants appeal.

Plaintiffs in error complain, first, that the trial court erred in not setting its judgment aside because the evidence disclosed such accident, inadvertent mistake, and unavoidable casualty as to excuse them for not appearing or pleading at the time default judgment was rendered against them, and sufficient to justify the setting aside of said judgment. In urging this error it is noted that plaintiffs in error find no fault whatever with the procedure of the trial court, issuance or service of summons, assignment of causes, or compiling of the docket. The complaint that the court clerk did not notify defendants' counsel of the setting of said cause for trial may be disregarded in view of the fact that the evidence discloses that such counsel were present and attending upon the court in the trial of other causes set for the same day and term. This necessarily raises the presumption that counsel were properly notified and advised as to the assignment of causes for that term and particular time.

An examination of the evidence and argument shows that the "accident, inadvertent mistake, and unavoidable casualty" relied upon goes solely to the diligence of counsel. It may be noted that the attorneys representing plaintiffs in error here did not represent them below. The following is adduced: That defendants' counsel employed a clerk to keep a docket record; that it was the practice and custom of the firm to advise this clerk of the orders and proceedings to be entered therein; that the clerk was not advised of the orders and proceedings to be entered in this particular case; that the record did not show the motion to separately state causes of action filed by said firm and the determination thereof although counsel was present at the hearing and determination

of said motion; that the record did not show and the firm was not advised of the day said cause was assigned for trial; that a member of said firm was attending court on the day said cause was tried and was interested in other cases.

Section 5267, Rev. Laws 1910, and subdivision 7 thereof, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made; * * * Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

It becomes necessary to determine whether the facts relied upon as disclosed by the evidence in this case constitute such unavoidable casualty or misfortune as would come within the purview of the above statute. An examination of the authorities cited by plaintiffs in error fails to disclose any case where pure negligence and lack of diligence on the part of counsel has been construed as an unavoidable casualty or misfortune. They are devoted rather to events which human prudence, foresight, and sagacity could not prevent, such as sickness and death, miscarriage of the mails, mistake in the wording of a telegram, etc. See Poff v. Lockridge, 22 Okla. 462, 96 Pac. 427; McLaughlin v. Nettleton, 25 Okla. 319, 105 Pac. 662; C., R. I. & P. R. Co. v. Eastham, 26 Okla. 605, 110 Pac. 857; Hodges v. Alexander, 44 Okla. 598, 145 Pac. 809; McLaughlin v. Nettleton, 47 Okla. 407, 148 Pac. 987; Griel v. Vernon, 65 N. C. 76; Panesi v. Boswell, 12 Heisk. (Tenn.) 323; Fidelity Co. v. Lopatka (Tex.) 60 S. W. 268; Bradford v. Coit, 77 N. C. 72; Anaconda Mining Co. v. Saile, 16 Mont. 8, 39 Pac. 909; Hanthorn v. Oliver, 32 Ore. 57, 51 Pac. 440; Browning v. Gosnell, 91 Iowa, 448, 59 N. W. 340.

An avoidable casualty has been described as an event or casualty happening against the will and without the negligence or other default of a party. Hodgson v. Dexter (C. C. D. of Columbia) 12 Fed. Cas. 383. And see, also, Crystal Spring Distillery Co. v. Cox, 49 Fed. 555, 559, 1 C. C. A. 365 (citing Welles v. Castles, 69 Mass. [3 Gray] 323, 325.) As used in Code Ohio, sec. 534, providing that a judgment may be vacated after the term at which it was obtained for "unavoidable casualty or misfortune" preventing the party from prosecuting or defending, it means accidental injury or sickness, etc., rather than a want of knowledge of the service of a summons because of the defendant's absence from the state. Howard v. Abbey, 2 Ohio Dec. 64, 65.

As to this section of our statute, this court in Forest v. Appelget et al., 55 Okla. 575, 154 Pac. 1129, has announced the following rule:

"In a proceeding to vacate a judgment under subdivision 7 of section 5267, Rev. Laws 1910, on the grounds of unavoidable casualty or misfortune, the facts must be such as to make it appear that the complaining party is not himself guilty of negligence in allowing such default to be taken, and that no reasonable or proper diligence or care could have prevented the trial or judgment"—citing Freeman on Judgments (4th Ed.) vol 1, sec. 15; Hill v. Williams, 6 Kan. 17; Welch et al. v. Challen, 31 Kan. 696, 3 Pac. 314; Wynn v. Frost, 6 Okla. 89, 50 Pac. 184; Marshall v. Marshall, 7 Okla. 240, 54 Pac. 461.

And the rule is well settled that the negligence of the attorney cannot be considered such unavoidable casualty or misfortune as prevented the party from defending. Lindsay et al. v. Goodman, 57 Okla. 418, 157 Pac. 344; Missouri, K. & T. R. Co. v. Ellis, 53 Okla. 268, 156 Pac. 226; Bigsby et al. v. Eppstein et al., 39 Okla. 466, 135 Pac. 934; Linderman v. Nolan, 16 Okla. 352, 83 Pac. 796; Washington Savage et al. v. F. A. Dinkler, 12 Okla. 463; Marshall v. Marshall, 7 Okla. 240; Wynn v. Frost, 6 Okla. 89, 50 Pac. 184. In these cases this court has heretofore discussed this question at great length, citing numerous authorities, and uniformly holding that unavoidable casualty or misfortune was present only where ordinary prudence could not guard against or prevent, and that the mere ignorance, carelessness, mistake, or negligence of an attorney was not sufficient. See, also, Black on Judgments, sec. 337; Freeman on Judgments, vol. 1, sec. 115, supra; Hayne on New Trials, sec. 80; Graham and Waterman on New Trials, vol. 3, p. 1520; Holderman v. Jones, 52 Kan. 743, 34 Pac. 352; Snow v. Mitchell, 37 Kan. 636, 15 Pac. 224; Welch v. Challen, 31 Kan. 696, supra; Fred Andres & Co. v. Schueter, 140 Iowa, 389, 118 N. W. 429; Glover v. Dimmack, 119 Ga. 696; Smith v. Phinizy, 71 Ga. 641.

The conclusion is therefore reached that the evidence in this case does not disclose such accident, inadvertent mistake, and unavoidable casualty as would excuse defendants and justify the setting aside of said judgment.

The second proposition argued by plaintiffs in error is that the court erred in not setting the judgment aside because the original petition failed to state facts sufficient to constitute a cause of action, particularly against defendant Gorton, the assignee. This court is foreclosed from examining into the merits of this contention. The trial court had jurisdiction of the parties, of the subject-matter,

and the particular questions decided. Defendants had ample time and opportunity to urge the point upon which the petition is now attacked. Instead, they saw fit only to object that the causes of action were not separately stated therein. Even if the omission to aver facts would justify a reversal of the judgment upon a proper appeal therefrom, it does not follow that the judgment can now be vacated for that reason. And, though based on a mistake of law, the judgment is no less conclusive. A judgment rendered by a court having jurisdiction is not void on account of an amendable defect or insufficiency in the petition, and will not be vacated for such reason upon petition filed by defendant after the term. It is sufficient that the allegations in the petition challenge a judicial inquiry. See McDougal v. Rice, No. 9697 (Okla. App. Rep., vol. 12, p. 206), not yet officially reported; Gibson v. Dizney, 72 Oklahoma, 178 Pac. 124; McCornack et al. v. Fleming et al., 70 Oklahoma, 172 Pac. 952; Haggerty et al. v. Terwilliger et al., 67 Oklahoma, 169 Pac. 872; National Surety Co. et al. v. Hanson Builders' Supply Co., 64 Oklahoma, 165 Pac. 1136; Kaufman v. Grow, 59 Okla. 193, 158 Pac. 300; Hill et al. v. Persinger, 57 Okla. 663, 157 Pac. 744; Maston v. Chandler B. & L. Ass'n, 61 Okla. 230, 157 Pac. 366; Gill et al. v. Executive Committee, 52 Okla. 553, 152 Pac. 812; Clark v. Roman et al., 50 Okla. 780, 151 Pac. 479.

The judgment is therefore affirmed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, McNEILL, and RAMSEY, JJ., concur.