**FELLOWS, Adm'r, et al. v. OWENS.**

No. 24325.    Nov. 17, 1936.

Marshall & Cobb (W. J. Campbell and Kathryn Van Leuven, of counsel), for plaintiffs in error.

A. F. Moss and H. R. Young, for defendant in error.

OSBORN, V. C. J.   This is an appeal from an order and judgment of the district court of Tulsa county vacating a judgment theretofore rendered in favor of Ray S. Fellows, as administrator of the estate of Robert R. Burns, deceased, and Harvey A. Heller, hereinafter referred to as plaintiffs, and against O. O. Owens, hereinafter referred to as defendant.

On October 11, 1921, Robert R. Burns and Harvey A. Heller commenced the action, as plaintiffs, against O. O. Owens, W. E. Gayer, and Gussie A. Huey, as defendants, alleging in substance that plaintiffs and defendants Owen and Gayer had entered into an arrangement or partnership in October, 1916, to engage in the business of dealing in oil and gas leases and properties, the profits of which were to be divided between the parties in specified proportions. It was alleged that the partnership had been dissolved at a subsequent date and a partial settlement reached, but that in the sett'ement Owens and Gayer had defrauded Robert R. Burns and Harvey A. Heller in certain particulars and that no final or just account had been had. It was further alleged that Owens and Gayer had derived some personal advantages out of the partnership enterprise, to the exclusion of Burns and Heller. and it was prayed that a full accounting be had.

The case was tried by Honorable George W. Clark, regular judge of the district court of Oklahoma county, who had been assigned as special judge, and trial proceedings were

concluded about January 17, 1924. The case remained undecided until January 7, 1932, at which time the court, Judge Clark presiding, entered findings of fact and conclusions of law in favor of Burns and Heller, following which a judgment was rendered in favor of plaintiff Heller and against defendant Owens for $60,580, and in favor of Ray S. Fellows, administrator of the estate of Robert R. Burns, one of the original plaintiffs, who had died in the meantime, for $60,580, and for an accounting and costs. Owens moved for a new trial by motion filed January 11, 1932. Thereupon, Owens sought to procure the disqualification of Judge Clark to hear certain grounds of said motion, but Judge Clark refused to disqualify, and upon application to this court jurisdiction was refused.

On January 16, 1932, before Owens' motion for new trial was overruled (which was overruled on January 22, 1932, by Judge Clark), the latter filed in the lower court his petition to vacate the judgment of January 7th.

Issues were joined, the cause was tried to the court, who found the issues in favor of defendant Owens, and the former judgment was vacated. From the judgment so rendered plaintiffs have appealed.

It is noted that prior to the rendition of the former judgment the cause was held under advisement for a period of approximately eight years. It was alleged in the petition to vacate that the Honorable George W. Clark, who rendered the former judgment, by reason of his advanced years and ill health had become so mentally weakened and so mentally infirm that he had lost his mental faculty of memory and mental power to logically grasp or retain facts and their legal relationship one to another to the extent that he did not comprehend the nature of his acts in the making of findings of fact and conclusions of law and in the rendition of said judgment; that the parties plaintiff, some of their counsel, agents and representatives (but without the knowledge or consent of the plaintiff Ray S. Fellows, as administrator, but with the knowledge and consent of a previous administrator) during the period in which said cause was held under advisement, clandestinely and surreptitiously communicated with and influenced said judge in the consideration and determination of said action, and without said conduct on the part of said persons said judge would not have rendered such findings of fact, conclusions of law, or judgment.

It was further alleged that defendant by unavoidable casualty and misfortune was prevented from defending said action in that it was stipulated by the parties and ordered by the court that plaintiff should have the right to orally argue the cause to the court after the filing of briefs and that the court failed to fix a date for such oral argument and failed to provide an opportunity therefor; that the time in which the action was held under advisement by the trial court is so unreasonable and extensive in its length as to have deprived the court of any reliable or dependable recollection and knowledge of the facts and issues involved in the cause and of the testimony and demeanor of the witnesses in the trial of said cause; that defendant had no knowledge of the activities of the agents and representatives of plaintiffs in influencing the trial judge to render the judgment, and therefore had no opportunity to defend or protect himself against such acts or methods. It was further alleged that defendant had a valid and complete defense to the action.

Plaintiffs filed an answer to the petition to vacate the judgment wherein it was alleged that the trial judge was fully competent and qualified to render the judgment. It was denied that said judge was influenced in any improper manner to make the findings and conclusions and to render the judgment. It was alleged that said judge had before him and in his possession a transcript of the evidence orally produced at the trial and had access to the documentary evidence and files containing the pleadings, and therefore had the complete understanding of the issues and evidence which enabled him to determine the controversy according to the requirements of the law. It was further alleged that unless the judgment was procured by fraud the validity thereof could only be determined by review in the appellate court, and that defendant had appealed from said judgment and intended to have the same reviewed by appeal in the manner provided by law. It was further alleged that within three days after the rendition of the judgment, defendant filed a motion for a new trial which was overruled by the trial court, but while said motion was pending defendant attempted to withdraw from said motion, without prejudice, certain grounds therein stated after they had been submitted to the jurisdiction of the court,

226

but that said attempt was without avail and defendant could not legally withdraw said grounds without abandonment of the same, and having thereby abandoned said grounds for reversal of the judgment, defendant is now precluded from asserting said grounds as a reason for vacating said judgment in his petition to vacate.

Defendant filed a reply to plaintiff's answer. The evidence in the former trial was introduced in this proceeding, and the court found and adjudged that petitioner, Owens, had a valid defense to said judgment.

At the conclusion of the hearing the trial court found:

"That in this case there has been a relationship existing between an attorney in the lawsuit and the judge, whether wittingly or not, on the part of the attorney in the case, that is bound to have, in my opinion, worked a fraud upon the defendant because he has not had the opportunity to put his side of the case before the court."

From the record herein it appears that principal counsel for the plaintiffs in error herein, Messrs. Marshall & Cobb, and Ray S. Fellows, an attorney, who is also administrator, as plaintiff, had no part in the transactions from which the trial court concluded that the judgment resulted by reason of fraud and unavoidable casualty and misfortune.

Plaintiffs contend that, since defendant knew the facts concerning the fraud alleged in the petition to vacate, and having alleged said fraud in his motion for new trial, and having thereafter withdrawn the allegations concerning the fraud from his motion for new trial, he therefore waived and abandoned any right to utilize those grounds as the basis for his petition to vacate the judgment. The authorities relied upon by plaintiffs do not sustain the contention. The statutory right to make application for a new trial provided by section 398, O. S. 1931, for the purpose of bringing to the notice of the trial court errors committed and exceptions saved during the trial, and the right to invoke the power and authority of the trial court in a petition to vacate a judgment, on the grounds set forth in section 556, O. S. 1931, are separate, independent, and unrelated remedies. Since the decision of this court in the case of Richardson v. Howard, 51 Okla. 240, 151 P. 887, it has been the rule that the power of courts over their judgments during the term at which the same are rendered and the rights of parties to move to have them set aside for cause are not impaired by the statute prescribing grounds for new trials. See Siddell v. McMillan, 45 Okla. 800, 146 P. 911; Tippens v. Turbin, 162 Okla. 136, 19 P. (2d) 605.

In this case, it will be noted that the grounds of complaint arose, not from errors occurring strictly in the trial, but from extraneous matters whereby it is claimed the judgment, while appearing regular on its face, was induced by means and methods subversive of the inherent qualities of justice by judicial proceedings. The grounds relied on herein were not adjudicated in the hearing on the motion for new trial, and therefore remained open for adjudication herein.

Other assignments relate to the sufficiency of the evidence to support the judgment. It appears that the hearing was greatly extended. The record is voluminous and extended discussions of the facts in the case and the conclusions to be drawn therefrom are found in the briefs. It will not be necessary to review at length the evidence introduced. It is noted that the petition to vacate the judgment is predicated upon two of the grounds provided in section 556, supra, that is (fourth), for fraud practiced by the successful party in obtaining the judgment, and (seventh) for unavoidable casualty or misfortune preventing the party from defending. The evidence shows that some considerable time after the court had taken the case under advisement in the former proceeding, plaintiffs, through their counsel, became justifiably anxious to procure a decision of the case. In view of the fact that the trial judge was having considerable difficulty in reaching a conclusion in the case, it appears that counsel for plaintiffs proffered and rendered to him certain assistance in preparing the findings of fact and conclusions of law. The evidence is conflicting regarding the extent of the assistance rendered by counsel to the judge. But the evidence is conclusive that counsel for defendant was not advised and knew nothing of the activities of counsel for plaintiffs in this particular.

"A motion to vacate a judgment filed during the term in which the judgment was rendered is addressed to the sound judicial discretion of the trial court, and its ruling thereon will not be disturbed unless an abuse of discretion appears." Halliburton v. Illinois Life Ins. Co., 170 Okla. 360, 40 P. (2d) 1086; Harlow Pub. Co. v. Tallant, 171 Okla. 579, 43 P. (2d) 106.

"A petition to vacate a judgment under section 556, O. S. 1931, is addressed to the sound legal discretion of the trial court, and the judgment will not be disturbed on ap-

peal unless it clearly appears that the trial court has abused that discretion. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused." Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632; Tippens v. Turben, 162 Okla. 136, 19 P. (2d) 605.

The fact situation presented in this case. is unusual and peculiar. The argument contained in the briefs relates in the main to the issue of fraud. It is noted, however, that, although the trial court found that fraud had been committed, there was an element of reluctance connected therewith in that the court found that "the condemnation, if any, is more to be placed upon the bench than on the lawyers in this case, but still I don't think the defendant has had a chance to make his defense." There was a finding, however, that there was at least sufficient constructive fraud involved which constituted a "casualty or misfortune preventing the party from defending." As heretofore stated, the evidence is conflicting regarding the motive which prompted counsel for plaintiffs to proffer assistance to the judge in preparing his findings of fact and conclusions of law in the case, and likewise as to the amount of assistance actually furnished. It is one of our fundamental concepts that every contested court proceeding should be an adversary proceeding; that neither litigant in the case should have opportunity to present his contentions to the court except in the presence of his adversary. The trial judge, eminent jurist that he was, whose honor and integrity are not questioned by any party to this proceeding, was in his declining years and was weakened mentally and physically by the ravages of age and disease and was no doubt highly impressionable. For eight years he had toiled with the problems of law and fact involved in the case before him. When he indicated to plaintiffs' counsel the difficulty he had encountered in working out his findings and conclusions in the case, he was offered and received assistance to that end from said counsel without the knowledge of counsel for defendant. The trial court found that defendant was thereby prevented from properly defending himself. We cannot say that in vacating said judgment the court thereby abused its discretion. From a careful examination of the record, we conclude that there is abundant evidence sustaining the finding of fraud practiced on behalf of the successful party and unavoidable casualty

and misfortune preventing defendant from presenting his defense.

Other contentions made by the parties have been examined and are without substantial merit.

Justice PHELPS having certified his disqualification, Honorable J. E. FALKENBERG was appointed as Special Justice to sit herein.

The judgment is affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., and FALKENBERG, Special Justice, concur. RILEY, J., not participating.