Teddy Lee TEDFORD, Appellant,

v.

Howard DIVINE, Appellee.

No. 64106.

Supreme Court of Oklahoma.

March 3, 1987.

David A. Cotter, Broken Arrow, for appellant.

Best, Sharp, Thomas, Glass & Atkinson by Joseph A. Sharp and Lynn A. Summers, Tulsa, for appellee.

HODGES, Justice.

Teddy Lee Tedford (appellant/plaintiff) filed an action against Howard Divine (appellee/defendant) for damages sustained during an automobile accident allegedly caused by appellee's cows. Although a summons was personally served, appellee failed to answer the complaint within the statutory time period. On January 18, 1985, a default judgment was entered against appellee. Appellee filed a motion to vacate default judgment on February 25, 1985, which was granted by the trial court. Then on March 5, 1985, appellee filed a petition to vacate default judgment. After consolidating the petition with the earlier motion, the trial court sustained the petition to vacate default judgment. Appellee supported his motion and petition for vacation asserting appellee's counsel was ill at the time the answer was due. In addition, the law firm's office procedure failed to alert counsel of the time lapse. The Court of Appeals in an unpublished accelerated docket opinion vacated the trial court's orders vacating the default judgment and reinstated the default judgment against appellee. Having previously granted certiorari in this case, we agree with appellee that the opinion of the Court of Appeals is erroneous and hereby vacate that opinion.

## I.

■ Appellee first argues the Court of Appeals erred by vacating the trial court's order asserting the trial court was without jurisdiction to vacate the default judgment under the recorded facts and circumstances. The Court of Appeals found (1) the motion to vacate was not filed within the 30–day period provided by statute, (2) the petition to vacate the default judgment did not satisfy the statutory requirements of 12 O.S. 1981 § 1033, (3) the trial court's judgment was invalid since it was entered without a hearing and presentation of evi-

dence, (4) appellee was negligent in failing to answer in a timely fashion and there was no evidence to show that such failure was due to unavoidable casualty or misfortune and (5) the trial court made no order compensating appellant for detriment caused by appellee's failure to timely answer. We find the Court of Appeals' conclusion that the trial court had no jurisdiction based on the fact that the motion to vacate was not filed within the 30–day limit required by § 1031.1 is incorrect. The appellee's motion and petition to vacate were based in particular on the seventh and ninth grounds of 12 O.S. 1981 § 1031. The 30–day period set forth in § 1031.1 is inapplicable to appellee's case. According to 12 O.S. 1981 § 1038, the statute of limitations based on the seventh ground is two years and one year on the ninth ground. Because the appellee filed his motion and petition within the time accorded by § 1038, the trial court did have jurisdiction. Thus, the Court of Appeals erred in finding the 30–day time period precluded the trial court from asserting jurisdiction.

■ In addition, the Court of Appeals was incorrect in its finding the trial court had no jurisdiction because appellee's petition failed to meet the requisites of 12 O.S. 1981 § 1033. The appellate court found no summons had been issued or served on the petition to vacate and, therefore, the petition did not meet the statutory requirements of 1033. The statute states that a petition to vacate a summons is to be issued and served as in the commencement of an action. Section 1033's requirement of issuing a summons was met. Appellee provided an affidavit from the process server indicating summons had been issued and served. The summons had been inadvertently omitted by the Rogers County Court Clerk. Inasmuch as the requisites of § 1033 were indeed met by appellee, the trial court properly asserted jurisdiction in this matter.

## II.

Appellee also argues the Court of Appeals erred in reinstating the default judgment because there was no evidence the

trial court had abused its discretion. The Court of Appeals found there was no presentation of argument or evidence at the hearing for the petition to vacate the default judgment. Because of this purported error, the appellate court concluded the trial court's decision was invalid. The Court of Appeals additionally found the decision invalid on the ground there was no evidence in the record to support appellee's argument that an unavoidable casualty or misfortune caused his failure to timely answer the complaint.

■ In *Fellows v. Owens*, 178 Okl. 224, 62 P.2d 1215, 1218 (1936), this Court stated a petition to vacate is addressed to the legal discretion of the trial court and an order to vacate will not be disturbed on appeal unless the trial court abused its discretion. In the hearing for appellee's motion to vacate, the trial court considered the same issues and facts subsequently raised by the parties in appellee's petition to vacate. The trial court granted appellee's motion to vacate based on those facts. Both parties were present to argue their case before the judge at the hearing on the motion to vacate. However, appellant failed to appear at the hearing on the petition to vacate. No additional evidence was presented to deny the petition to vacate. After waiting three hours on appellant, the trial court sustained appellee's petition. The same merits were raised by both parties concerning the petition to vacate. The trial court's decision to affirm its earlier fact findings and sustain the appellee's petition was not an abuse of discretion. Therefore, we find the trial court's decision to sustain the petition to vacate was not invalid.

■ The Court of Appeals was also incorrect in its finding there was no evidence in the record to support appellee's argument that his failure to timely file an answer was caused by an unavoidable casualty or misfortune. In § 1031 (seventh), it states that a district court has the power to vacate its own judgments or orders for unavoidable casualty or misfortune which prevents the party from prosecuting or defending. Unavoidable casualty was de-

fined by this Court in *Wagner v. Lucas*, 79 Okl. 231, 193 P. 421 (1920), as acts or events which human prudence, foresight and sagacity could not prevent such as sickness and death, miscarriage in the mails and mistake in the wording of a telegram. In the present case, the trial court was apprised of appellee's counsel's illness when it made its decision to set aside the default judgment. Because the illness was an event which human prudence, foresight and sagacity could not prevent, the trial court's decision was valid. Also, the trial court knew at the time of its decision that the office procedure of appellee's counsel did not notify counsel that the due date was past. In *Wagner*, this Court said that unavoidable casualty or misfortune was only present where ordinary prudence could not guard against or prevent, and that mere ignorance, carelessness, mistake or negligence of an attorney was insufficient. However, this Court recently stated in *American Bank of Commerce v. Chavis*, 651 P.2d 1321, 1324 (Okla.1982), the principles set forth in *Wagner* "are unduly harsh and restrictive and tend unjustly to reduce to ukase that which ought to be weighed and determined under all of the facts and circumstances of each case." There we allowed a default judgment to be set aside concluding the trial court did not abuse its discretion under the particular facts and circumstances. In *Chavis*, an office procedure breakdown, similar to the instant case, caused the answer to be untimely filed. This Court stated that the negligence of an attorney does not alone constitute unavoidable casualty or misfortune but under the circumstances in that case, the trial court's decision was not an abuse of discretion. In the present case, the trial court did not abuse its discretion by vacating the default judgment based on the particular facts. Because the trial court knew of the counsel's illness and office procedure breakdown, this was sufficient evidence to constitute an "unavoidable casualty" under § 1031.

## CONCLUSION

The opinion of the Court of Appeals, Division No. 4, entered in this matter is

vacated. The orders of the trial court setting aside the default judgment are affirmed. The trial court is directed to tax against appellant those costs recoverable by appellee under 12 O.S. 1981 § 929.

CERTIORARI PREVIOUSLY GRANTED. OPINION OF THE COURT OF APPEALS VACATED. ORDERS OF TRIAL COURT AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS and SUMMERS, JJ., concur.

OPALA and KAUGER, JJ., concur in part and dissent in part.

OPALA, J., with whom KAUGER, J., joins, concurring in part and dissenting in part.

I would vacate the opinion of the Court of Appeals and reverse the trial court's orders setting aside the default judgment with directions to afford the parties an adversary hearing upon the facts to be tendered in support of appellee's (defendant's) March 5, 1985 petition to vacate.